IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENTREPRENEUR MEDIA, INC.,

    Plaintiff,                                    No. MISC. S-10-55 JAM EFB

    vs.

SCOTT SMITH dba ENTREPRENEURPR,

    Defendant.                                   ORDER
_____/

        On May 4, 2011, the court heard (1) plaintiff's motion to appoint a receiver to sell certain domain names owned and/or controlled by the judgment debtor defendant, Dckt. No. 24; (2) defendant and third party Karen Mix's motions to quash, for a protective order, and for sanctions, Dckt. Nos. 29, 37; and (3) defendant's motion to stay this action pending appeal and/or for a temporary restraining order, Dckt. No. 53. Attorney Mark Serlin appeared on behalf of plaintiff; defendant appeared pro se; and attorney Alan Steinberg appeared on behalf of Mix.

        At the May 4 hearing, the court indicated that it would deny plaintiff's motion to appoint a receiver and defendant's motion for a stay, and would continue the hearing on defendant and Mix's motions to quash, for a protective order, and for sanctions to June 22, 2011, so that it could be heard after the judgment debtor examination of Smith, which is currently scheduled to occur on May 18, 2011. *See* Dckt. No. 40.

1       After the hearing on May 4, defendant filed a motion for a 60 day extension of the May 18 judgment debtor examination and his deadline for responding to a subpoena for documents issued by plaintiff.[1] Dckt. No. 60. Defendant indicates that the documents requested "include thirty-four (34) individual requests, each of which, if available, have the potential to yield volumes of documents dating as far back as seven (7) years." *Id.* at 3. He adds that "[given the complicated nature of the document request and the fact that it involves the need to pour through over seven (7) years of financial statements, bank records, and countless personal records, Smith will be unable to complete document production in the extremely short fourteen (14) day window EMI has provided." *Id.* He further contends that he "is trying to find legal representation to assist him in responding," and that will require additional time. *Id.* In light of those representations, defendant's request for an extension will be granted.

      Accordingly, for the reasons stated on the record at the May 4 hearing and for the additional reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint a receiver to sell certain domain names owned and/or controlled by defendant, Dckt. No. 24, is denied without prejudice.

2. Defendant's motion for a stay pending appeal and/or for a temporary restraining order, Dckt. No. 53, is denied.

3. Defendant's motion for an extension, Dckt. No. 60, is granted.

4. The May 18, 2011 judgment debtor examination is continued to July 20, 2011 at 9:30 a.m. in Courtroom No. 24 and defendant has an additional 60 days to respond to the subpoena for documents referenced in his request for an extension.

5. Defendant and third party Karen Mix's motions to quash the subpoena issued by plaintiff to Chase Bank, N.A. ("Chase") on December 30, 2010 regarding Chase account number xxxx-xxxx-3620, for a protective order, and for sanctions, Dckt. Nos. 29 and 37, are continued to

---

[1] The court does not have a copy of the subpoena at issue and is therefore unaware of the deadline it provides for responding to the document requests.

1  August 24, 2011 at 10:00 a.m. in Courtroom No. 24;

2      6. On or before August 10, 2011, plaintiff shall a brief indicating whether the subpoena to Chase will be withdrawn as moot, and if not, indicating why the motions to quash the subpoena should not be granted. Plaintiff's brief may also address the motions for a protective order and/or for sanctions. The brief shall not exceed fifteen pages.

    7. On or before August 17, 2011, defendant and/or Mix shall file a response to plaintiff's brief.[2] The brief(s) shall not exceed fifteen pages.

    8. Within seven days of the date of this order, plaintiff's counsel shall serve a copy of this order on Chase.

    SO ORDERED.

DATED: May 5, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the court indicated at the hearing that the parties would be required to file simultaneous briefing fourteen days prior to the hearing, upon further reflection, based on the arguments made by Mix's counsel at the hearing, the court finds that this staggered briefing schedule will be more efficient for the parties and the court.

3