IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENTREPRENEUR MEDIA, INC.,

     Plaintiff,                                  No. MISC. S-10-55 JAM EFB

     vs.

SCOTT SMITH dba ENTREPRENEURPR,

     Defendant.                             ORDER
_____/

     This miscellaneous action, in which defendant is *pro se*, was referred to the undersigned under Eastern District of California Local Rule 302(a). On May 4, 2011, the court heard (1) plaintiff's motion to appoint a receiver to sell certain domain names owned and/or controlled by the judgment debtor defendant, Dckt. No. 24; (2) defendant and third party Karen Mix's motions to quash, for a protective order, and for sanctions, Dckt. Nos. 29, 37; and (3) defendant's motion to stay this action pending appeal and/or for a temporary restraining order, Dckt. No. 53. At the May 4 hearing, the court indicated that it would deny plaintiff's motion to appoint a receiver and defendant's motion for a stay, and would continue the hearing on defendant and Mix's motions to quash, for a protective order, and for sanctions to June 22, 2011, so that it could be heard after the judgment debtor examination of Smith, which was then scheduled to occur on May 18, 2011. *See* Dckt. No. 40. However, after the hearing on May 4, defendant filed a motion for a 60 day

extension of the May 18 judgment debtor examination and his deadline for responding to a subpoena for documents issued by plaintiff. Dckt. No. 60.

Therefore, on May 5, 2011, the undersigned issued an order (1) denying plaintiff's motion to appoint a receiver to sell certain domain names owned and/or controlled by defendant, Dckt. No. 24, without prejudice; (2) denying defendant's motion for a stay pending appeal and/or for a temporary restraining order, Dckt. No. 53; (3) granting defendant's motion for an extension, Dckt. No. 60; (4) continuing the May 18, 2011 judgment debtor examination to July 20, 2011 at 9:30 a.m. in Courtroom No. 24 and providing defendant an additional 60 days to respond to the subpoena for documents referenced in his request for an extension; (5) continuing defendant and third party Karen Mix's motions to quash the subpoena issued by plaintiff to Chase Bank, N.A. ("Chase") on December 30, 2010 regarding Chase account number xxxx-xxxx-3620, for a protective order, and for sanctions, Dckt. Nos. 29 and 37, to August 24, 2011 at 10:00 a.m. in Courtroom No. 24; (6) providing that on or before August 10, 2011, plaintiff shall a brief indicating whether the subpoena to Chase will be withdrawn as moot, and if not, indicating why the motions to quash the subpoena should not be granted; and (7) providing that on or before August 17, 2011, defendant and/or Mix shall file a response to plaintiff's brief. Dckt. No. 61 at 2-3.

Thereafter, on July 5, 2011, defendant filed a motion to quash a third party subpoena issued by plaintiff and a request for sanctions, and noticed the motion for hearing on August 17, 2011. Dckt. No. 65. Then, on July 13, 2011, defendant filed an ex parte application for an order shortening time to hear a second motion to extend defendant's time to respond to plaintiff's subpoena and to appear for the July 20, 2011 judgment debtor examination. Dckt. No. 67. Defendant contends that good cause supports the application to shorten time because allowing the debtor examination to occur on July 20, 2011 would cause defendant "substantial and irreparable harm, and waste judicial resources due to several factors outside of [defendant's] control." *Id.* at 2. Specifically, defendant contends that (1) the attorney defendant believed

2

would be able to assist him at the judgment debtor examination "has contracted pneumonia and is apparently extremely ill" and that defendant is "unable to adequately determine when and if the attorney will still be able to assist [defendant] or if [defendant] will need to obtain alternative legal assistance, and [he] may not know for several weeks"; (2) "[a] significant number of [defendant's] documents and computer records may be unavailable until [he] can complete the time-consuming and expensive task of updating or trying to replace several computer applications that are incompatible with Apple's current operating system"; (3) defendant "recently received a Jury Summons to serve as a trial juror" and when defendant "called the Court to discuss possible scheduling conflicts, [he] was advised to appear at Sacramento Superior Court by 8:00 a.m. Monday, July 18, 2011 to Thursday, July 21, 2011, or until [he is] dismissed as a juror or [is] selected to serve as a trial juror"; and (4) allowing plaintiff to conduct the judgment debtor examination before the Court can rule on defendant's motion to quash and motion for sanctions, which is noticed for hearing on August 17, 2011, could have the effect of mooting issues in that motion. *Id.* at 2-3. Defendant therefore requests that the court postpone the July 20, 2011 debtor examination and the deadline for defendant to respond to plaintiff's subpoena by ninety days. Dckt. No. 67-1 at 6. Defendant notes that he unsuccessfully sought a stipulation from plaintiff to hear the matter on shortened time. Dckt. No. 67 at 3. On July 14, 2011, plaintiff filed an opposition to defendant's ex parte application for an extension, questioning the legitimacy of each of defendant's reasons for an extension. Dckt. No. 69.

Eastern District of California Local Rule 144(e) provides that "[a]pplications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time [and] will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action." Although this court is unconvinced that each of defendant's stated reasons for an extension justifies such an extension, in light of defendant's representations regarding the sudden

3

illness of the counsel he has obtained to represent him and his representations regarding his need for additional time to respond to plaintiff's subpoena, the ex parte application and request for an extension will be granted. Defendant is warned, however, that no further extensions of time will be granted absent a showing of substantial cause. Failure to properly plan and schedule for meeting this new deadline will *not* meet that standard.

Accordingly, IT IS ORDERED that:

1. Defendant's application for an order shortening time and defendant's motion for an extension, Dckt. No. 67, are granted.

2. The July 20, 2011 judgment debtor examination is continued to October 19, 2011 at 9:30 a.m. in Courtroom No. 24 and defendant has an additional 90 days to respond to the subpoena for documents referenced in his request for an extension.

3. Defendant and third party Karen Mix's motions to quash the subpoena issued by plaintiff to Chase on December 30, 2010 regarding Chase account number xxxx-xxxx-3620, for a protective order, and for sanctions, Dckt. Nos. 29 and 37, are continued to November 16, 2011 at 10:00 a.m. in Courtroom No. 24.

4. On or before November 2, 2011, plaintiff shall a brief indicating whether the subpoena to Chase will be withdrawn as moot, and if not, indicating why the motions to quash the subpoena should not be granted. Plaintiff's brief may also address the motions for a protective order and/or for sanctions. The brief shall not exceed fifteen pages.

5. On or before November 9, 2011, defendant and/or Mix shall file a response to plaintiff's brief. The brief(s) shall not exceed fifteen pages.

6. Within seven days of the date of this order, plaintiff's counsel shall serve a copy of this order on Chase.

////
////
////

7. Defendant's motion to quash and motion for sanctions, Dckt. No. 65, is continued to August 31, 2011 at 10:00 a.m. in Courtroom No. 24. The parties shall file any opposition(s) and/or reply briefs in accordance with Local Rule 230.

SO ORDERED.

Dated: July 19, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE