IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENTREPRENEUR MEDIA, INC.,

    Plaintiff,                            No. MISC. S-10-55 JAM EFB

    vs.

SCOTT SMITH dba ENTREPRENEURPR,

    Defendant.                          ORDER

_____/

    This miscellaneous action, in which defendant is *pro se*, was referred to the undersigned under Eastern District of California Local Rule 302(a). Presently pending for decision by the undersigned is defendant's motion to quash a subpoena that plaintiff issued to Bank of America, and a related request for sanctions. Dckt. No. 65. Plaintiff opposes the motion and also seeks non-monetary sanctions. Dckt. No. 74.

BACKGROUND

    In July 2003, judgment creditor and plaintiff herein Entrepreneur Media, Inc. ("EMI") obtained a judgment in the Central District of California for trademark infringement plus a substantial award of attorneys' fees against judgment debtor and defendant herein Scott Smith ("Smith"). In May 2010, EMI registered the judgment in this district because Smith resides here.

////

1     On January 14, 2011, EMI filed a motion to appoint a receiver to sell certain domain names owned and/or controlled by Smith. Dckt. No. 24. Additionally, on February 11, Smith filed a motion to quash a third party subpoena that was issued to Chase Bank, along with a motion for a protective order and a motion for sanctions, arguing that the subpoena sought information related to a credit card account maintained by Smith's girlfriend, Karen Mix. Dckt. No. 29. Mix also joined in the motion to quash, motion for a protective order, and motion for sanctions. Dckt. No. 37. All three of the motions were set to be heard on May 4, 2011.

Then, on April 28, 2011, Smith filed an ex parte application for an order shortening time to hear a motion to stay these judgment enforcement proceedings pending appeal and for a temporary restraining order, in light of a currently pending Ninth Circuit case in which the Circuit is considering whether the judgment EMI seeks to enforce herein should have been discharged in Smith's bankruptcy proceedings.[1] Dckt. Nos. 52, 53. On April 29, the undersigned issued an order granting the application for an order shortening time, setting a briefing schedule, and setting the motion to stay and motion for a temporary restraining order for hearing on May 4, along with the other various matters.

At the May 4, 2011 hearing, the court indicated that it intended to (1) deny EMI's motion to appoint a receiver without prejudice (since the court opined that EMI should at least proceed with the judgment debtor exam before seeking to sell Smith's domain names); (2) deny Smith's motion for a stay pending appeal (since a stay of the entire case was not warranted); and (3) continue the hearing on Smith and Mix's motions to quash, for a protective order, and for sanctions to June 22, 2011 so that those motions could be heard after the judgment debtor examination of Smith, which was at that time scheduled to occur on May 18. The court was concerned about the intrusiveness of the subpoena with regard to Mix's bank account, especially since EMI had not yet conducted a judgment debtor exam of Smith. Dckt. Nos. 59, 64.

---

[1] The Ninth Circuit case was submitted on December 15, 2010, but it appears that nothing further has happened in the case since then.

However, after the hearing on May 4, Smith filed a motion for a 60 day extension of the May 18 judgment debtor examination and his deadline for responding to a subpoena for documents issued by EMI.  Dckt. No. 60.  Smith argued that he needed additional time because the document requests were burdensome and had the potential to yield volumes of documents dating as far back as seven years, and because Smith wanted to try to find counsel to assist him in responding to the subpoena.  *Id.*

In light of Smith's representations, on May 5, 2011, the court issued an order (1) granting Smith's request for an extension; (2) denying EMI's motion to appoint a receiver without prejudice; (3) denying Smith's motion for a stay pending appeal and/or for a temporary restraining order; (4) continuing the May 18 judgment debtor examination to July 20, 2011 and providing Smith an additional 60 days to respond to the subpoena for documents; (5) continuing the hearing on Smith and Mix's motions to quash the subpoena, for a protective order, and for sanctions to August 24, 2011; (6) giving EMI until August 10 to file a 15 page brief indicating whether the subpoena to Chase will be withdrawn as moot, and if not, indicating why the motions to quash the subpoena should not be granted; and (7) giving Smith and/or Mix until August 17 to file a fifteen page response to EMI's brief.  Dckt. No. 61.

On July 5, 2011, Smith filed the present motion to quash a subpoena that EMI issued to Bank of America and the related motion for sanctions.  Dckt. No. 65.  Then, on July 13, Smith filed an ex parte application for an order shortening time to hear a second motion to extend Smith's time to respond to EMI's subpoena and to appear for the July 20 judgment debtor examination.  Dckt. No. 67.  Smith argued that good cause supported the application to shorten time because allowing the examination to occur on July 20 would cause Smith "substantial and irreparable harm, and waste judicial resources due to several factors outside of [Smith's] control."  Smith made numerous arguments for why an additional 90 days should be provided.

On July 19, 2011, the court granted Smith's request for an extension; continued the July 20 judgment debtor examination to October 19, 2011; granted Smith an additional 90 days to

respond to the subpoena for documents; continued Smith and third party Karen Mix's motions to quash the subpoena, for a protective order, and for sanctions to November 16, 2011; set new deadlines for the parties' briefs related to those motions; and continued the hearing on the present motion to quash and motion for sanctions to August 31, 2011.  Dckt. No. 72.

MOTION TO QUASH/ MOTION FOR PROTECTIVE ORDER

Smith moves to quash a subpoena that EMI issued to Bank of America seeking documents relating to Smith, including documents relating to a bank account Smith holds with Bank of America.  Dckt. No. 65; *see also* Dckt. No. 65-2.  Smith contends that (1) the subpoena violates the court's ruling at the May 4, 2011 hearing that EMI may not issue any third-party subpoenas until after Smith's judgment debtor examination, and (2) the subpoena seeks information that is duplicative of the information EMI has requested from Smith in anticipation of the judgment debtor examination.  *Id.*  EMI opposes the motion.  Dckt. No. 74.

In proceedings in aid of a judgment or execution, a judgment creditor may obtain discovery from any judgment debtor in accordance with state law unless federal law provides otherwise.  Fed. R. Civ. P. 69(b).  The judgment creditor "may obtain discovery from any person, including the judgment debtor, in the manner provided by these rules or in the manner provided by the practice of the state in which the district court is held."  Fed. R. Civ. P. 69(a).  Accordingly, judgment creditors may issue subpoenas for records from non-parties.  *See* Cal. Civ. Proc. Code §§ 1985, *et seq*.; Fed. R. Civ. P. 26, 45.

As set forth in Federal Rule of Civil Procedure ("Rule") 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Relevancy at this stage of an action has been construed broadly to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (*citing Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

However, Rule 45(c)(3)(A) provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a [non-party] to travel more than 100 miles . . . ; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Further, Rule 45(c)(3)(B) provides that "[t]o protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; (ii) disclosing an unretained expert's opinion or information . . . ; or (iii) a [non-party] to incur substantial expense to travel more than 100 miles to attend trial."

Additionally, Rule 26(b)(2)(C) provides that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Here, Smith has not shown that the subpoena EMI issued to Bank of America should be quashed pursuant to Rule 45(c)(3)(A) or (B), or that a protective order should issue pursuant to Rule 26(b)(2)(C). Smith misinterprets statements this court made at the hearing on Smith and Mix's motion to quash a subpoena issued to Chase Bank, and the order issued thereon. At the May 4, 2011 hearing, and in the May 5, 2011 order that followed, the court continued Smith and Mix's motion to quash so that Smith's judgment debtor examination could be conducted before Chase Bank was required to respond to that subpoena. The court did so because of its concern regarding Mix's privacy and the fact that the subpoena to Chase Bank sought documents relating

5

to a bank account belonging to third party Mix.  However, the court did *not* preclude EMI from issuing other third party subpoenas relating to Smith, including the subpoena at issue herein.

Moreover, Smith has not shown that he meets any of the requirements set forth in Rule 45(c)(3)(A) or (B).  Although Smith argues that the Bank of America subpoena seeks information that is duplicative of the information EMI has requested from Smith in anticipation of the judgment debtor examination, he has not shown that the Bank of America subjects him to "undue burden."  *See* Fed. R. Civ. P. 45(c)(3)(A)(iv).  Nor has he shown that the Bank of America subpoena, which seeks documents related to Smith's bank account, requires the disclosure of "a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 45(c)(3)(B)(i).  Finally, Smith has not shown that a protective order is warranted under Rule 26(b)(2)(C) since he has not demonstrated that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; that EMI "has had ample opportunity to obtain the information by discovery in the action"; or that "the burden or expense of the proposed discovery outweighs its likely benefit."  To the contrary, the documents EMI seeks are relevant to these judgment enforcement proceedings and are likely to provide assistance to EMI at the October 17 judgment debtor examination.  Therefore, Smith's motion to quash the subpoena that EMI issued to Bank of America and/or Smith's motion for a protective order, Dckt. No. 65, is denied.

SANCTIONS

Both Smith and EMI seek sanctions related to Smith's motion.  Specifically, Smith requests that the court sanction EMI "for continuing to issue third-party subpoenas" and also requests that the court hold EMI's former counsel Mark A. Serlin in contempt of court for deliberately violating the Court's directive to cease issuance of third-party subpoenas until after Smith's debtor's exam. Dckt. No. 65 at 2.  However, because the court finds that the Bank of America subpoena was not improperly issued, Smith's requests are denied.

6

      Additionally, EMI requests that the court impose non-monetary sanctions pursuant to Rules 30(d)(2) and 37(a)(5)(B), and pursuant to the inherent authority of the court, based on Smith's meritless motion. Dckt. No. 74 at 16-24. Specifically, EMI requests that the court issue an order compelling Smith to submit nearly all motions and oppositions to this court for approval before filing. *Id.* at 19. At this time, the court does not find that non-monetary sanctions are warranted by Smith's motion to quash, given Smith's apparent misunderstanding of the court's earlier rulings in this case. However, Smith's misunderstandings have now been corrected and he is admonished that any future filing of meritless or frivolous motions may result in the imposition of both monetary and non-monetary sanctions.

      Accordingly, IT IS HEREBY ORDERED that:

      1. Smith's motion to quash and request for sanctions, Dckt. No. 65, is denied; and

      2. EMI's request for sanctions, Dckt. No. 74, is denied.[2]

      SO ORDERED.

Dated: September 12, 2011.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE

---

[2] The October 19, 2011 judgment debtor examination and the November 16, 2011 hearing on Smith and Mix's motions to quash the subpoena issued by EMI to Chase Bank, for a protective order, and for sanctions, Dckt. Nos. 29 and 37, remain on calendar. Also remaining on calendar are Mix's counsel's motion to withdraw, which is noticed for hearing on September 28, 2011, Dckt. No. 77, and EMI's motion for assignment of rights, a restraining order, and turnover order, which is noticed for hearing on October 26, 2011, Dckt. No. 79.