1
2
3
4
5
6
7
8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ENTREPRENEUR MEDIA, INC.,

11              Plaintiff,                     No. MISC. S-10-55 JAM EFB

12        vs.

13   SCOTT SMITH dba
     ENTREPRENEURPR,
14
               Defendant.                      ORDER
15   _____/

16        This miscellaneous action, in which defendant is *pro se*, was referred to the undersigned

17   under Eastern District of California Local Rule 302(a).  Presently noticed for hearing on

18   September 28, 2011 is third party Karen Mix's counsel's motion to withdraw.  Dckt. No. 77.  No

19   opposition to the motion has been filed.  For the following reasons, the undersigned vacates the

20   hearing and grants the motion to withdraw.

21        BACKGROUND

22        In July 2003, judgment creditor and plaintiff herein Entrepreneur Media, Inc. ("EMI")

23   obtained a judgment in the Central District of California for trademark infringement plus a

24   substantial award of attorneys' fees against judgment debtor and defendant herein Scott Smith

25   ("Smith").  In May 2010, EMI registered the judgment in this district because Smith resides here.

26   ////

                                             1

On January 14, 2011, EMI filed a motion to appoint a receiver to sell certain domain names owned and/or controlled by Smith.  Dckt. No. 24.  Additionally, on February 11, Smith filed a motion to quash a third party subpoena that was issued to Chase Bank, along with a motion for a protective order and a motion for sanctions, arguing that the subpoena sought information related to a credit card account maintained by Smith's girlfriend, Karen Mix ("Mix").  Dckt. No. 29.  Mix also joined in the motion to quash, motion for a protective order, and motion for sanctions.  Dckt. No. 37.

The motions were heard on May 4, 2011, along with a motion for a stay pending appeal filed by Smith on shortened time.  At the May 4, 2011 hearing, the court indicated that it intended to (1) deny EMI's motion to appoint a receiver without prejudice (since the court opined that EMI should at least proceed with the judgment debtor exam before seeking to sell Smith's domain names); (2) deny Smith's motion for a stay pending appeal (since a stay of the entire case was not warranted); and (3) continue the hearing on Smith and Mix's motions to quash, for a protective order, and for sanctions to June 22, 2011 so that those motions could be heard after the judgment debtor examination of Smith, which was at that time scheduled to occur on May 18 (since the court was concerned about the intrusiveness of the subpoena with regard to Mix's bank account, especially since EMI had not yet conducted a judgment debtor exam of Smith).  Dckt. Nos. 59, 64.

Since the May 4 hearing, the court has granted Smith two extensions of the judgment debtor examination and his deadline for responding to a subpoena for documents issued by EMI. Accordingly, the judgment debtor examination is currently scheduled for October 19, 2011 and the hearing on Smith and Mix's motions to quash the subpoena, for a protective order, and for sanctions is currently set for November 16, 2011 at 10:00 a.m. in Courtroom No. 24. Additionally, on or before November 2, 2011, plaintiff is required to file a brief indicating whether the subpoena to Chase will be withdrawn as moot, and if not, indicating why the motions to quash the subpoena should not be granted, and on or before November 9, 2011,

2

1  defendant and/or Mix shall file a response to plaintiff's brief.  The briefs are not to exceed fifteen

2  pages.  *See* Dckt. No. 72.

3  MOTION TO WITHDRAW

4  On August 29, 2011, attorney Alan Steinberg, who is counsel of record for Mix, filed a

5  motion to withdraw as Mix's counsel.  Dckt. No. 77.  Steinberg contends that he should be

6  permitted to withdraw because Mix (1) has been uncommunicative with Steinberg, (2) expressed

7  dissatisfaction with Steinberg's representation of her, and (3) has failed to meet her obligations

8  to pay for legal fees and costs incurred in this matter, despite receiving monthly invoices.  Dckt.

9  No. 77-1; Steinberg Decl., Dckt. No. 77-2, ¶¶ 4-11.  Steinberg contends that "[t]here will be no

10  prejudice to the Court, the parties or [] Mix in allowing counsel to withdraw."  Dckt. No. 77-1 at

11  1.

12  As required by Local Rule 182(d), Steinberg provided notice to Mix and all other parties

13  who have appeared in this action, and filed a declaration stating Mix's current or last known

14  address and the efforts made to notify Mix of the motion to withdraw.  Steinberg Decl. ¶ 12;

15  Supp. Steinberg Decl., Dckt. No. 78, ¶ 2.  Nonetheless, no party has filed an opposition or

16  statement of non-opposition to the motion.[1]

17  As provided in Local Rule 182(d), "[w]ithdrawal as attorney is governed by the Rules of

18  Professional Conduct of the State Bar of California, and the attorney shall conform to the

19  requirements of those Rules."  California Rule of Professional Conduct 3-700(C)(1) provides

20  that an attorney may withdraw when, among other things, the client "renders it unreasonably

21  difficult for the member to carry out the employment effectively" or "breaches an agreement or

22  obligation to the member as to expenses or fees."  Cal. Rules Prof. Conduct 3-700(C)(1)(d), (f).

23

24  _____
       [1] Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of
25  non-opposition thereto, must be filed and served no later than fourteen days preceding the
   noticed hearing date or, in this instance, by September 14, 2011.  Local Rule 230(c) further
26  provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments
   if opposition to the motion has not been timely filed by that party."

3

Here, Steinberg declares that Mix's lack of communication with him and her dissatisfaction with his services render it unreasonably difficult for him to carry out the employment effectively, and that Mix has breached an obligation to pay for legal fees and costs incurred in this matter. Additionally, Steinberg has "taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of [Mix], including giving due notice to [Mix and] allowing time for employment of other counsel . . . ." Cal. Rules Prof. Conduct 3-700(A)(2). The hearing on Mix's motion to quash is not scheduled to be heard until November 16, 2011, and Mix's supplemental brief regarding the motion to quash is not due until November, 9, 2011. Therefore, Steinberg's request to withdraw as Mix's counsel will be granted.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. The September 28, 2011 hearing on Steinberg's motion to withdraw as counsel for Mix, Dckt. No. 77, is vacated.

2. Steinberg's motion to withdraw as counsel for Mix, Dckt. No. 77, is granted.

3. Mix will hereafter be proceeding *pro se* in this action, and any filings, notices, or correspondence shall be served upon her at 7824 Copper Fox Court, Citrus Heights, California 95610.[3]

////

////

////

////

---

[2] Steinberg is reminded of his obligation to "promptly release to the client, at the request of the client, all the client papers and property," subject to any protective order or non-disclosure agreement. Cal. Rules Prof. Conduct 3-700(D)(1).

[3] The October 19, 2011 judgment debtor examination and the November 16, 2011 hearing on Smith and Mix's motions to quash the subpoena issued by EMI to Chase Bank, for a protective order, and for sanctions, Dckt. Nos. 29 and 37, remain on calendar. Also remaining on calendar is EMI's motion for assignment of rights, a restraining order, and turnover order, which is noticed for hearing on October 26, 2011, Dckt. No. 79.

1    4.  The Clerk is directed to serve a copy of this order on Mix at 7824 Copper Fox Court,

2    Citrus Heights, California 95610.

3    SO ORDERED.

4    Dated:  September 20, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE