IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENTREPRENEUR MEDIA, INC.,

    Plaintiff,                                    No. MISC. S-10-55 JAM EFB

    vs.

SCOTT SMITH dba ENTREPRENEURPR,

    Defendant.                               <u>ORDER</u>
_____/

       This miscellaneous action, in which defendant is *pro se*, was referred to the undersigned under Eastern District of California Local Rule 302(a). Presently noticed for hearing on October 26, 2011 is judgment creditor and plaintiff Entrepreneur Media, Inc.'s ("EMI") motion for assignment of rights, a restraining order, and turnover order. Dckt. No. 79. A judgment debtor examination of defendant and judgment debtor Smith is also scheduled for October 19, 2011 and a hearing on Smith and third party Karen Mix's motions to quash the subpoena issued by EMI to Chase Bank, for a protective order, and for sanctions, Dckt. Nos. 29 and 37, is scheduled for November 16, 2011.[1]

---

[1] Additionally, on or before November 2, 2011, EMI is required to file a brief indicating whether the subpoena to Chase will be withdrawn as moot, and if not, indicating why the motions to quash the subpoena should not be granted, and on or before November 9, 2011, Smith

1

On October 12, 2011, Smith filed an opposition to EMI's motion. Dckt. No. 82.[2] Among other arguments in opposition to the motion, Smith contends that "EMI anticipates the Court filling in the blanks (at hearing on the instant motion) from the information counsel anticipates providing at that time that he obtains from Smith's upcoming judgment debtor exam. This backward way of doing things is prejudicial to Smith." *Id.* at 5. Smith adds that he "has been required to oppose this motion based on the current state of facts presented in the motion" and that "if hearing on the instant motion proceeds on October 26, Smith will be required to respond to counsel's oral argument, including any information he obtains from the upcoming judgment debtor examination, without having been given the opportunity to properly oppose the requests for assignment order, restraining order, and turnover order." *Id.* at 6. Further, Smith contends that "the information Smith provides at the examination could moot the instant motion entirely." *Id.*

Then, on October 13, 2011, EMI filed an application for an order continuing the October 19, 2011 judgment debtor examination and the October 26, 2011 hearing on EMI's motion. Dckt. No. 83. EMI contends that on October 11, 2011, Smith filed with the Ninth Circuit Court of Appeals an emergency motion for a stay of judgment pending appeal. Dckt. No. 83-1 at 2; *see also* Ex. B, Dckt. No. 83-3. EMI also notes that it received notice from Bank of America on October 11, 2011 that Bank of America had stopped the process of producing documents in response to an EMI subpoena related to the judgment debtor examination pending the outcome of Smith's request for a stay pending appeal. Dckt. No. 83-1 at 2. Finally, EMI contends that in light of certain content in Smith's opposition to EMI's motion (which Smith has now corrected, *see* Dckt. No. 84), EMI may move the court for entry of a pre-filing order. *Id.* EMI seeks to continue the judgment debtor examination and the hearing on EMI's motion for approximately

---

and/or Mix is required to file a response to EMI's brief. *See* Dckt. No. 72.

[2] Smith filed a corrected opposition on October 13, 2011. *See* Dckt. No. 84.

30 days, with the judgment debtor examination to occur first and then the hearing on the motion to occur later. *Id.* at 3.

Accordingly, IT IS HEREBY ORDERED that:

1. EMI's request to continue the judgment debtor examination and the hearing on EMI's motion for assignment of rights, a restraining order, and turnover order, Dckt. No. 83, is granted.

2. The judgment debtor examination, Dckt. No. 40, is continued to November 30, 2011 at 9:30 a.m. in Courtroom No. 24.

3. The hearing on EMI's motion for assignment of rights, a restraining order, and turnover order, Dckt. No. 79, is continued to December 21, 2011 at 10:00 a.m. in Courtroom No. 24.

4. If the judgment debtor examination moots EMI's motion for assignment of rights, a restraining order, and turnover order, EMI shall withdraw that motion on or before December 2, 2011.

5. If new information arises as a result of the judgment debtor examination and the motion for assignment of rights, a restraining order, and turnover order is not withdrawn, Smith may file a revised opposition to the motion on or before December 7, 2011.

6. EMI may file a reply to Smith's opposition on or before December 14, 2011.

7. In light of the continued judgment debtor examination, the hearing on Smith and third party Karen Mix's motions to quash the subpoena issued by EMI to Chase Bank, for a protective order, and for sanctions, Dckt. Nos. 29 and 37, is also continued to December 21, 2011 at 10:00 a.m. in Courtroom No. 24.

8. On or before December 7, 2011, EMI shall a brief indicating whether the subpoena EMI issued to Chase will be withdrawn as moot, and if not, indicating why the motions to quash the subpoena should not be granted. EMI's brief may also address the motions for a protective order and/or for sanctions. The brief shall not exceed fifteen pages.

////

9. On or before December 14, 2011, Smith and/or Mix shall file a response to EMI's brief. The brief(s) shall not exceed fifteen pages.

10. Within seven days of the date of this order, EMI's counsel shall serve a copy of this order on Chase.

SO ORDERED.

Dated: October 17, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE