IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENTREPRENEUR MEDIA, INC.,

    Plaintiff,                                 No. 2:10-mc-55-JAM-EFB

    vs.

SCOTT SMITH dba ENTREPRENEURPR,

    Defendant.                             <u>ORDER TO SHOW CAUSE</u>
_____/

        On April 17, 2013, this case was before the undersigned for a judgment debtor examination of defendant and judgment debtor Scott Smith. Dckt. Nos. 121, 133. The examination was scheduled to commence at 9:30 a.m. *Id.* However, because Mr. Smith did not arrive on time, the court held a hearing at approximately 10:15 a.m. to discuss the status of the judgment debtor examination. Dckt. No. 134. Attorney David Cook appeared at the hearing on behalf of judgment creditor and plaintiff Entrepreneur Media, Inc. ("EMI"); attorney Eric Mewes appeared on behalf of Mr. Smith. At the hearing, Mr. Mewes indicated that Mr. Smith would be arriving for the judgment debtor examination by 11:00 a.m. Therefore, the court instructed the parties to wait until then. The court also indicated that it would order Mr. Smith to show cause why he should not be sanctioned for his late appearance and/or why he should not have to reimburse EMI for its court reporter costs and/or its attorney's fees incurred as a result of that

late appearance. *See* E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules.").

At approximately 11:20 a.m., because Mr. Smith had not yet arrived, the court held a further hearing, at which both Mr. Cook and Mr. Mewes appeared. Dckt. No. 134. Because it was unclear when Mr. Smith would be arriving, the court indicated that the judgment debtor examination would be continued to a later date and that Mr. Smith would be ordered to show cause why he should not be sanctioned for failing to appear and/or why he should not have to reimburse EMI for its court reporter costs and its attorney's fees incurred as a result of that missed appearance.

Accordingly, IT IS HEREBY ORDERED that:

1. On or before April 29, 2013, EMI's counsel shall file a declaration indicating the costs and fees incurred as a result of Mr. Smith's failure to appear at the April 17, 2013 judgment debtor examination, as well as the fees incurred in drafting and filing such a declaration.

2. On or before May 6, 2013, Smith shall show cause, in writing, why he should not be sanctioned for failing to appear at the April 17, 2013 judgment debtor examination and why he should not have to reimburse EMI for its court reporter costs and/or its attorney's fees incurred as a result of that failure to appear, as set forth in any declaration filed by EMI's counsel.

3. Failure of Mr. Smith to respond to this order to show cause may result in the imposition of sanctions.

////

////

////

////

4. The April 17, 2013 judgment debtor examination of Smith, Dckt. Nos. 121 and 133, is continued to June 5, 2013 at 9:30 a.m. in Courtroom No. 8.

Dated: April 23, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE