1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ENTREPRENEUR MEDIA, INC.,                    No.  2:10-mc-55-JAM-EFB

12                   Plaintiff,

13            v.                                    ORDER

14    SCOTT SMITH dba
      ENTREPRENEUR,
15
                     Defendant.
16

17

18           This matter was before the court on October 16, 2013, for hearing on plaintiff's motion to

19    compel discovery.  Attorney David Cook appeared on behalf of plaintiff.  Attorney Eric Mewes

20    appeared on behalf of defendant.  After consideration of the moving and opposing papers and the

21    arguments of counsel, the court ordered a judgment debtor exam to proceed and the motion to

22    compel production of documents was submitted.  For the reasons set forth below, plaintiff's

23    motion to compel is granted in part and denied in part.  Each party will bear their own expenses.

24    *See* Fed. R. Civ. P. 37(a)(5).

25           Judgment creditor and plaintiff Entrepreneur Media, Inc. ("EMI") obtained a judgment for

26    trademark infringement plus an award of attorneys' fees against judgment debtor and defendant

27    Scott Smith in the Central District of California in July 2003.  In May 2010, EMI registered the

28    judgment in this district.  ECF No. 2.  A judgment debtor examination of defendant was set

                                                   1

1    before the undersigned on July 24, 2013.  ECF No. 145.  The parties were unable to complete the

2    examination on that date and therefore the matter was continued to August 28, 2013.  *Id*.  On

3    August 26, 2013, plaintiff filed a motion to compel defendant to provide further responses to

4    plaintiff's discovery requests, and noticed the motion for hearing on October 2, 2013.  ECF No.

5    150.  Both the judgment debtor examination and the hearing on plaintiff's motion were continued

6    to October 16, 2013.

7            In proceedings in aid of a judgment or execution, a judgment creditor may obtain

8    discovery from any person, including a judgment debtor, as provided in the Federal Rules of Civil

9    Procedure or "by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).

10   Federal Rule of Civil Procedure 34 authorizes a party to request to inspect documents.  Fed. R.

11   Civ. P. 34.  Additionally, California Code of Civil Procedure section 708.030(a) provides that a

12   judgment creditor may propound inspection demands to a judgment debtor requesting information

13   to aid in enforcement of the money judgment.  Cal. Civ. Proc. Code § 708.030(a) ("The judgment

14   creditor may demand that any judgment debtor produce and permit the party making the demand,

15   or someone acting on that party's behalf, to inspect and to copy a document that is in the

16   possession, custody, or control of the party on whom the demand is made . . . if the demand

17   requests information to aid in the enforcement of the money judgment.").  "Judgment debtor" is

18   defined as "the person against whom a judgment is rendered."  Cal. Civ. Proc. Code § 680.250.

19           Under the Federal Rules of Civil Procedure, upon notice, a party may move for an order

20   compelling discovery after a good faith attempt to confer with a party failing to make disclosure

21   or discovery.  Fed. R. Civ. P. 37(a)(1); *see also* E.D. Cal. L. R. 251.  Additionally, California

22   Code of Civil Procedure section 708.030(c) provides that when a responding party fails to answer

23   a request for inspection, post-judgment discovery may be enforced in the same manner as

24   discovery in a civil action.  California Code of Civil Procedure section 2031.310 provides that the

25   demanding party may move for an order compelling further response to a discovery demand

26   where an objection to the demand is without merit.  Cal. Civ. Proc. Code § 2031.310(a)(3).

27   /////

28   /////

On June 17, 2013, plaintiff served on defendant its request for production of documents made pursuant to California Code of Civil Procedure section 708.030. The request for production of documents requested plaintiff produce for inspection the following documents:

1. Any and all of YOUR federal and state income tax returns, commencing for the tax years of 2008 to date hereof.

2. Any and all statements of account(s) of any type or nature, of the account with PayPal, Bank of America, and/or any and all other financial institutions, or any one of the same, no matter where located, for the years of 2010 to date hereof ("TIME PERIOD"). The statement of account(s) shall include copies of all deposits and receipts, copies of all checks as paid therefrom, wire transfers, credit card entries, credit card disbursements, and all other items that appear thereunder.

3. Any and all books, letters, papers, files, or documents ("DOCUMENTS") which show any wire transfer, electronic distribution and/or transmission of funds, purchase of debit cards, acquisition and use of any online digital banking services, such as Bitcoin, and/or any and all other papers which show any account in YOUR name, and moreover, any account by any entity, including any digital entity, for the TIME PERIOD.

4. Any and all statements of account(s) by any and all credit card companies, including American Express, VISA, MasterCard, or any financial institution issuing any credit card, whether under the name of AmeriCard, or otherwise.

5. Any and all credit cards issued by Discover Card, or the like, for statements of the TIME PERIOD. These include the entire statements and copies of any ancillary transfers thereunder.

6. Any and all email communications of any type or nature, by and between YOURSELF and PayPal, Bank of America, or any other person holding an account for YOURSELF for the TIME PERIOD.

7. Any and all records of any type or nature, including email transmissions, by and between YOURSELF and GoDaddy. This includes, but is not limited to, all applications, any domain names, all contracts, agreements, and other memoranda, by and between YOURSELF and GoDaddy.

8. Any and all DOCUMENTS which show any written communications by and between YOURSELF and GoDaddy, and communications with third parties which provide for the sale, directly or indirectly, of domain names.

9. Any and all DOCUMENTS which indicate the sale, directly or indirectly, of domain names, or any type of digital track which show the receipt of money arising out of the sale of domain names, or the like, for the TIME PERIOD.

3

10.   Any and all DOCUMENTS which evidence the receipt of any income from January 1, 2011 to date hereof.

11.   Any and all DOCUMENTS which reflect any transactions in which SMITH received income, by cash, barter, property, exchange, or the rendition of services for and on his behalf, as income revenue, profits or proceeds.

12.   Any and all emails with any person seeking to solicit business of any type or nature for the TIME PERIOD.

13.   Any and all DOCUMENTS which constitute a list of all domain names in YOUR name, or any nominee, assignee, transferee, or third party who holds the domain names for and on behalf of and for the benefit of YOURSELF.  This includes any domain names that were once in YOUR name and that YOU transferred to any other entity who holds those domain names on YOUR behalf, including all transfers to any entity under the control of GoDaddy, or any of its subsidiaries of affiliates.

Declaration of David Cook ("ECF No. 150-3") Ex. A.

Defendant objects to plaintiff's first request for production—requesting that defendant produce his federal and state income tax returns—on the ground that his tax returns are privileged under California law.  *Id.* at 10.  Defendant objects to all of plaintiff's requests on the ground that the requests were not made for the purpose of aiding in the enforcement of a money judgment as required by California Code of Civil Procedure 708.030(a).  ECF No. 150-3 at 10-18 (Ex. B). According to defendant, plaintiff's discovery request is an attempt to get around a stay of discovery that was automatically imposed in a separate state action commenced in the San Francisco Superior Court (Case No. CFC-13-530730).  *Id.*  Defendant contends that production of the requested documents would result in a violation of California Civil Code of Procedure section 425.16(g) because defendant filed an anti-SLAPP motion in the San Francisco action.  *Id.* Defendant further argues that plaintiff's counsel is attempting to use discovery in this case to aid in his defense in trademark cancellation proceedings defendant has initiated against plaintiff's counsel.  ECF No. 154 at 4-5.

Defendant's objection that the request for his state and federal tax returns (request number 1) is barred by a privilege under California law is without merit.  ECF No. 154-3 at 10.

/////

4

1    Defendant relies on *Webb v. Standard Oil Co. of Cal.*, 49 Cal.2d 509, 513(1957) (holding that the

2    California Revenue and Taxation Code implicitly creates a privilege against the disclosure of

3    income tax returns). Federal law, not California law, governs the law of privilege in this case.

4    Federal Rule of Evidence 501 provides that "in a civil case, state law governs privilege regarding

5    a claim or defense for which state law supplies the rule of decision." Federal privilege law is

6    applied where federal law governs the rule of decision. Fed. R. Evid. 501. This action involves

7    the execution of a judgment rendered by the United States District Court for the Central District

8    of California. The judgment was based on federal law for trademark infringement. ECF No. 2;

9    *see also Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135 (9th Cir. 2002); *Entrepreneur Media,*

10   *Inc. v. Smith*, 101 Fed.Appx. 212 (9th Cir. 2004). Accordingly, federal privilege law is

11   controlling in this case. *See In re Triple S. Restaurants, Inc.*, 2009 WL 3459211, *5-6 (Bkrtcy.

12   W.D. Ky. Oct. 26, 2009) (finding that federal privilege law applied where the underlying

13   judgments were based on federal claims).

14         While tax returns are not protected by privilege under federal law, the Ninth Circuit has

15   found that "a public policy against unnecessary public disclosure [of tax returns] arises from the

16   need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate

17   returns." *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).

18   "Accordingly, the Court may only order the production of plaintiff's tax returns if they are

19   relevant and when there is a compelling need for them because the information sought is not

20   otherwise available." *Aliotti v. The Vessel Sonora*, 217 F.R.D. 496, 497–98 (N.D.Cal.2003).

21         Defendant's tax returns are clearly relevant in assessing his past earnings. However,

22   plaintiff has failed to show a compelling reason for the disclosure of these documents. The

23   information contained in defendant's tax returns may be readily available in other documents

24   requested by plaintiff. For example, request number 11 seeks the production of documents

25   reflecting any income, profits, or proceeds defendant has received. Plaintiff has not shown how

26   those documents would be inadequate to assess the defendant's past earnings. Because plaintiff

27   has failed to show a compelling need for disclosure of defendant's tax returns, its motion to

28   compel is denied as to its first request.

5

1    Defendant's general objection that plaintiff's discovery requests were not made for the

2    purpose of aiding in the enforcement of a money judgment is simply mistaken.  Rule 69(a)(2)

3    permits plaintiff, as a judgment creditor, to obtain discovery under either the Federal Rules of

4    Civil Procedure or the California Code of Civil Procedure.  Here, plaintiff sought discovery under

5    § 708.030, Cal. Civ. Proc. Code.  Further, each of plaintiff's requests seeks documents concerning

6    plaintiff's financial condition.  This includes information concerning the location of plaintiff's

7    assets, which may potentially be used to satisfy the judgment against defendant.  Discovery of the

8    requested documents will aid plaintiff in the enforcement of the judgment against defendant and

9    therefore the information is discoverable under California Code of Civil Procedure 708.030(a).

10    As for defendant's argument that production of the requested documents would violate a

11    stay of discovery automatically imposed in a separate state court proceeding, the argument is

12    moot.  California Code of Civil Procedure section 425.16(g) provides that "[a]ll discovery

13    proceedings in the action shall be stayed upon the filing of [an anti-SLAPP motion].  The stay of

14    discovery shall remain in effect until notice of entry of the order ruling on the motion."

15    Submitted with plaintiff's reply is a copy of an order from the San Francisco Superior Court,

16    issued in Case No. CGC-13-530730, denying defendant's anti-SLAPP motion.  ECF No. 157-1 at

17    4-5.  As there is no longer a stay of discovery in effect, the production of documents in this case

18    could not possibly violate California Code of Civil Procedure section 425.16(g).[1]

19    Furthermore, this court has made clear to the parties that it will not purport to decide

20    whether evidence elicited in this case is admissible in other tribunals.  *See* ECF No. 146

21    (transcripts from hearing held on July 24, 2013, noting that it is for the state court to decide

22    whether evidence elicited in this proceeding will be admissible in the state court proceeding).

23    Here, for purposes of this proceeding, the information sought by plaintiff is directly relevant to its

24    attempt to satisfy its judgment against defendant.  It does not automatically become protected

25  [1] Further, the language of section 425.16(g) only provides for a stay of discovery in the case in
26  which the anti-SLAPP motion was filed.  *See* Cal. Civ. Proc. Code § 425.16(g) ("All discovery
    proceedings *in the action* shall be stayed upon the filing of a notice of [an anti-SLAPP motion]"
27  (emphasis added)).  Thus, the filing of plaintiff's anti-SLAPP motion in the state court action
    would not stay discovery in this case.  Nor has defendants shown any reason why discovery
28  should be stayed here.

1   information simply because it may be relevant to some other dispute between the parties.

2   Requests 2 through 13 seek information that will aid in the enforcement of a money judgment and

3   therefore the information sought in those requests are discoverable.

4        However, requests 4 and 11 are overbroad.  They seek to discover all of defendant's credit

5   card statements and documents relating to defendant's income, regardless of when such

6   documents were generated.  It is unlikely that documents pertaining to defendant's financial

7   condition 20 years ago, which would be encompassed by these requests, will aid in the

8   enforcement of the judgment against defendant.  Given the breadth of these requests, the

9   documents that must be produced in response to requests numbers 4 and 11 are limited to

10  documents from January 1, 2010 to date.

11       Plaintiff also requests that the court impose sanctions against defendant.  ECF No. 150-2

12  at 4-6.  Plaintiff argues that sanctions are appropriate because defendant has engaged in meritless

13  conduct, which includes filing a frivolous anti-SLAPP motion in an attempt to avoid discovery in

14  this action and initiating meritless trademark cancellation proceedings against plaintiff's counsel.

15  *Id*.  Whether the anti-SLAPP litigation in state court does or does not have merit is for the state

16  court to determine.[2]

17       For the reasons stated above, it is hereby ORDERED that:

18       1. Plaintiff's motion to compel (ECF No. 150) defendant to respond to discovery is

19  granted in part and denied in part;

20       2. Plaintiff's motion for sanctions (ECF No. 150) is denied; and

21       3. Within 21 days of the date of this order, defendant shall serve plaintiff with responses

22  to its June 17, 2013 Request for Production of Documents, request numbers 2 through 13, as set

23  forth herein.

24  DATED:  November 25, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

26

---

27  [2]   Defendant has filed with this court a transcript from a court proceeding before the San
    Francisco Superior Court.  ECF No. 160-1.  The transcript shows that while the San Francisco
    Superior Court denied plaintiff's anti-SLAPP motion, the court also found that the motion did not
28  "sink[] to the level of frivolousness."  *Id*. at 4.

7