```
 1                    UNITED STATES DISTRICT COURT

 2                   EASTERN DISTRICT OF CALIFORNIA

 3                              --o0o--

 4   ENTREPRENEUR MEDIA, INC.,     ) Case No. 2:10-mc-00055-JAM-EFB
                                   )
 5              Plaintiff,         ) Sacramento, California
                                   ) Wednesday, October 16, 2013
 6       vs.                       ) 10:23 A.M.
                                   )
 7   SCOTT SMITH,                  ) Hearing re:  further show
                                   ) cause re: sanctions, judgment
 8              Defendant.         ) debtor exam; plaintiff's
     _____ ) motion to compel further
 9                                   responses.

10                      TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE EDMUND F. BRENNAN
11                  UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13   For Plaintiff:             DAVID J. COOK
                                Cook Collection Attorneys
14                              165 Fell Street
                                San Francisco, CA   94102
15                              (415) 989-4730

16   For Defendant:             ERIC J. MEWES
                                Attorney at Law
17                              712 Bancroft Road, Suite 111
                                Walnut Creek, CA   94598
18                              (925) 934-5202

19   Court Recorder:            (UNMONITORED)
                                U.S. District Court
20                              501 "I" Street, Suite 4-200
                                Sacramento, CA   95814
21                              (916) 930-4072

22   Transcription Service:     Petrilla Reporting &
                                  Transcription
23                              5002 - 61st Street
                                Sacramento, CA   95820
24                              (916) 455-3887

25   Proceedings recorded by electronic sound recording;
     transcript produced by transcription service.
```

1

1  SACRAMENTO, CALIFORNIA, WEDNESDAY, OCTOBER 16, 2013, 10:23 A.M.
2
3       (Call to order of the Court.)
4           THE CLERK:  Calling Miscellaneous Case 10-00055-JAM,
5  Entrepreneur Media, Incorporated v. Scott Smith.  Your Honor,
6  this is on calendar for a further show cause hearing regarding
7  sanctions, further judgment debtor exam and plaintiff's motion
8  to compel further responses to request for production of
9  documents.
10          THE COURT:  All right.  Just a minute, counsel, while
11 I get my notes.
12          All right.  Let's have your appearances.
13          MR. COOK:  David Cook on behalf of Entrepreneur
14 Media, Inc., sir.  Good morning.
15          MR. MEWES:  Good morning, Your Honor.  Eric Mewes on
16 behalf of Defendant Scott Smith.
17          THE COURT:  All right.  Good morning, counsel.
18          All right.  I held a hearing on July 24, 2013 to
19 address my order to show cause re:  sanctions concerning
20 Defendant Smith's failure to appear as ordered for his judgment
21 debtor exam that had been scheduled for April 17, 2013.
22          I ultimately submitted the question of sanctions and
23 ordered that the debtor's exam go forward on that date.  The
24 parties proceeded with the exam, but after some period of time,
25 they reported back to my clerk that they had had a disagreement

1  that required judicial supervision.
2           During the exam, the defendant, Mr. Smith, refused to
3  answer questions that pertained to who was paying Smith's
4  attorney's fees, what the source of those funds were, and
5  whether Mr. Smith's attorney was holding any funds on behalf of
6  Mr. Smith.  I heard limited discussion or argument as to those
7  questions, and then determined that I wanted the matter
8  briefed.  I didn't want to shoot from the hip on the matter, so
9  I ordered briefing on the question of whether or not the
10 attorney/client privilege applied.
11          The plaintiff has filed a brief addressing the issue.
12 Mr. Mewes, your response indicates that Mr. Smith is willing to
13 stipulate to the questions being permitted, as long as there's
14 no inference that any privilege was being waived.  I'm not sure
15 how to interpret that.  Stipulating that the questions can be
16 permitted doesn't tell me what your position is on whether or
17 not he's going to respond to the questions.
18          MR. MEWES:  He's going to respond to the questions.
19          THE COURT:  All right.
20          MR. MEWES:  And that's why I sent my email to Mr.
21 Cook asking that he draw up a stipulation.
22          THE COURT:  All right.  Well, you hedge by saying
23 that the mere asking of the question, or your agreeing that the
24 questions can be asked is in no way an inference that the
25 privilege is being waived.

1           Let me get at it this way.
2           MR. MEWES:  Okay.
3           THE COURT:  It may be that you want to make sure your
4  record is clear, you're not voluntarily giving something up --
5           MR. MEWES:  That --
6           THE COURT:  -- and if that's where you're coming
7  from, I can understand that.
8           MR. MEWES:  That's exactly --
9           THE COURT:  But I'm not sure there's anything to give
10 up here.
11          The party asserting the privilege, or a party
12 asserting attorney/client privilege has the burden of
13 establishing that the privilege actually exists.  That is, that
14 it truly constitutes a communication, a confidential
15 communication that falls within the scope of the privilege.
16          The case law that I had cited at the last hearing
17 seems to indicate that these kinds of questions, that is,
18 questions concerning the attorney fee arrangements, the
19 identity of the client, or the person paying the fees, et
20 cetera, are not normally within the privilege.  I've not seen
21 anything from the defense that would persuade me that in this
22 instance that information does constitute a confidential
23 communication between the attorney and the client, so I --
24          MR. MEWES:  May I be heard, Your Honor?
25          THE COURT:  Yes.

4

1    MR. MEWES: We're not contending that it does. The
2 next day after the hearing, I did send an email to Mr. Cook
3 asking for a stipulation and after reading the case, I came to
4 the same conclusion that the Court did, but I did have to read
5 the case in order to satisfy myself that I was not waiving the
6 attorney/client privilege.
7    THE COURT: All right. Then given that, I do find
8 that these two questions are -- that the responses to these two
9 questions do not involve privileged attorney/client
10 communications. The two questions are to be answered by
11 Defendant Smith, the exam is to go forward.
12    Now, my finding in this regard is a finding as to
13 these particular questions. It's not a finding that Mr. Smith
14 has waived the attorney/client privilege generally as to any
15 other topics. All right. I'm -- are you prepared to proceed
16 with your exam this morning?
17    MR. MEWES: Yes. Can --
18    THE COURT: All right. Then --
19    MR. COOK: Yes, Your Honor. On the issue -- just to
20 raise that issue, it's once we say who's paying and what's the
21 deal, it may be more than just two questions, that's what I --
22    THE COURT: I understand that. But I'm not finding
23 that Mr. Smith has waived the attorney/client privilege for all
24 purposes. This is not a general waiver of the privilege.
25    MR. COOK: And I understand that.

1  THE COURT: All right. Let's get on, then, with your
2  debtor's exam.
3  MR. MEWES: And the two questions again, Your Honor,
4  so I have them clear?
5  THE COURT: Well, what I had written in my notes, and
6  if you want to refine this, Mr. Cook, you can. What I have in
7  my notes is who is paying Mr. Smith's attorney's fees, what is
8  the source of those funds? That was one topic.
9  The second topic was whether Mr. Smith's attorney is
10 holding any funds for Mr. Smith. Do I have that correct, Mr.
11 Cook?
12 MR. COOK: I think generally that is the general
13 subject matter. That is correct, sir.
14 THE COURT: All right. Then let's proceed with your
15 exam.
16 MR. COOK: Well, Your Honor, before we proceed,
17 the -- as part and parcel, we have another motion which is on
18 the calendar, is I have served a request for production of
19 documents which would require production of documents before
20 the first examination. We received -- and the Court has the
21 motion on calendar -- a whole host of objections, as I go
22 through the motion, and Mr. Smith here, one of my issues is if
23 the Court could resolve that motion to compel Mr. Smith, we
24 believe the Court will grant it. I would be entitled to those
25 documents.

1  THE COURT: We didn't address that at the prior
2  hearing?
3  MR. COOK: Well, actually what had happened is we had
4  filed a motion to compel discovery which came on October 2nd,
5  2003 (sic), and then the Court had continued it to today's
6  date.
7  MR. MEWES: Which is correct, Your Honor, and we
8  filed an opposition, and Mr. Cook filed a reply.
9  MR. COOK: So what I was attempting to do as a
10 management matter, I'm -- I do have a court reporter here, and
11 we are ready to proceed. The management issue is if the Court
12 grants my motion to compel the production of records -- and
13 hear me out -- that I would be entitled to records from Mr.
14 Smith, and having those in my hand with sufficient time,
15 reading them would enable me to proceed with a more meaningful
16 examination.
17         As one can imagine, in this line of work, having
18 records in one's hands is certainly better than taking somebody
19 else's word for it.
20 THE COURT: Are the documents here?
21 MR. MEWES: No, they're not, Your Honor. We filed an
22 opposition. I attempted to meet and confer with Mr. Cook,
23 specifically cited to Rule 251(b) and (c) to him. He refuses
24 to meet and confer with me. His meet and confer efforts were a
25 complete feign of attempting to meet and confer whereby he sent

1  me a letter dated July 25th -- Thursday, July 25th.  On
2  Saturday, July 27th, and Monday, July 29th, telling me
3  basically to agree to his position or hit the road.
4          MR. COOK:  And Your Honor, what they're going to
5  do --
6          MR. MEWES:  If I may, Mr. Cook --
7          MR. COOK:  Excuse me, Mr. Mewes.  The issue is that
8  I'd like the documents in hand.  Actually when I get the
9  documents in hand, that would enable me to look at these
10 documents and determine whether or not from the documents I
11 would have another source of information.  And then in
12 conducting a meaningful debtor's exam, ask meaningful questions
13 to --
14         THE COURT:  All right.  Mr. Cook, the documents
15 aren't here.  If they -- even if they were, I assume the volume
16 of the documents is such that you wouldn't be able to read them
17 and meaningfully incorporate them into whatever questions you
18 want to ask today.
19         Do you have topics that you can go into today?
20         MR. COOK:  Yes.
21         THE COURT:  That don't involve these documents?
22         MR. COOK:  Yes.  That would be the fee issues that
23 the Court has ruled on, correct.
24         THE COURT:  All right.  I thought we had addressed
25 the documents previously, so I'm going to go back, revisit my

8

1   notes and I'll issue a written order on the request for
2   production of documents.  So I'll get that out as soon as I
3   possibly can.
4            But use the time today to complete -- to get as far
5   as you can on this debtor's exam.  I want to get this done.
6            MR. COOK:  All right.
7            THE COURT:  All right.  The order that I issue will
8   also set a new date for a debtor's exam.  Are your calendar's
9   relatively clear over the next 30 days?
10           MR. COOK:  I will do whatever I can.  Should it not
11  be, we will be in touch with Mr. Clerk here and --
12           THE COURT:  Are either of you in trial?
13           MR. MEWES:  Your Honor, I've got a two week window
14  right around Thanksgiving that I'm trying to keep open so I can
15  go visit my sister in Colorado.
16           THE COURT:  All right.  What are those dates so I
17  don't set it during that time?
18           MR. MEWES:  It's the week before Thanksgiving, and
19  then the week of Thanksgiving.
20           THE COURT:  All right.  We'll make a note of that and
21  not set it during that time.
22           MR. COOK:  Thank you, Your Honor.
23           MR. MEWES:  Thank you.
24           THE COURT:  All right.
25           MR. COOK:  Sure.  We'll attempt to accommodate

9

1 counsel on these matters.
2       THE COURT:  All right.  Thank you.
3       MR. COOK:  You're very welcome, sir.
4       MR. MEWES:  Thank you, Your Honor.
5 (Whereupon the hearing in the above-entitled matter was
6 adjourned at 10:35 a.m.)
7       --o0o--
8       CERTIFICATE
9 I certify that the foregoing is a correct transcript from
10 the electronic sound recording of the proceedings in the above-
11 entitled matter.
12
13 _____        December 11, 2013
14 Patricia A. Petrilla, Transcriber
15 AAERT CERT*D-113