DAVID J. COOK, ESQ. (State Bar # 060859)
COOK COLLECTION ATTORNEYS
A PROFESSIONAL LAW CORPORATION
165 Fell Street, San Francisco, CA 94102-5106
Mailing Address: P.O. Box 270
San Francisco, CA 94104-0270
Tel.: (415) 989-4730
Fax: (415) 989-0491
Email: Cook@SqueezeBloodFromTurnip.com
File No. 54,749

Attorneys for Plaintiff
ENTREPRENEUR MEDIA, INC., a California corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ENTREPRENEUR MEDIA, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SCOTT SMITH d.b.a. ENTREPRENEUR, <br><br> Defendant. | CASE NO. 2:10-mc-00055-JAM-EFB <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO SCOTT SMITH'S RESPONSE TO EX PARTE APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE CONTEMPT(Docket #175) <br><br> Courtroom: 8, 13th Floor <br> Judge: Edmund F. Brennan |

## I. CONCEDED ISSUES

In the OPPOSITION BY SCOTT SMITH TO EX PARTE APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE CONTEMPT (Docket # 175) (hereinafter, "Opposition"), Smith does not dispute and therefore concedes that ENTREPRENEUR MEDIA, INC., a California corporation, (hereinafter "Plaintiff," and/or "EMI") has obtained an order compelling post-judgment discovery, consisting of a production of documents (Docket #162) (hereafter "Discovery Order"). Smith does not dispute and therefore concedes that he had notice, by the fact that he took the matter to the Ninth Circuit in *Entrepreneur Media Inc vs. Scott Smith etc.*, Case No. 14-15332 (hereinafter "Circuit Appeal")

Smith does not dispute and therefore concedes that the order was issued by a court of competent jurisdiction (i.e., the United States District, Eastern District of California). (Docket No.

175-2 in this proceeding and Docket #24-1 in the Circuit Appeal, Case No. 14-15332.

Throughout the Opposition, Smith does not dispute the underlying facts, distinguish any cases, or for that matter argue that Smith in fact was in contempt of the Discovery Order. Smith does not claim nor challenge the court's authority to issue an order to show case on its face.

Smith did not offer any new or different evidence, and did not move to strike the Cook Declaration and related Memorandum in support of the Ex Parte Application for OSC Re Contempt (Docket #170). Smith therefore has waived any objection to the admissibility of the Declaration in support of the OSC re Contempt. *See Bieghler vs. Kleppe*, 633 F.2d 531,533 (9th Circuit, 1980). *Allen v. Scribner*, 812 F.2d 426, 435, fn 18 (9th Cir.) amended, 828 F.2d 1445 (9th Cir. 1987) [collection of cases].

Smith did in fact appeal the entry of Discovery Order to the Ninth Circuit (Case No. 14015332) in which the Ninth Circuit dismissed the appeal based on the fact that a post-judgment discovery order is not an appealable order. *Richmark vs. Timber Falling Consultants, Inc.*, 937 F.2d 1444, 1449 (9th Cir. 1991). Smith is in the midst of filing a motion for a rehearing.

This is more than an academic critique of the Opposition. The fact that Smith does not dispute the prima facie elements of the OSC by argument, evidence, or facts is a judicial admission of the merits of the OSC. Directly on point is *Garcia vs. Sebelius*, 867 F.Supp.2d 125, 138, 2012 WL 2149559, in which the court stated as follows:

> It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F.Supp.2d 15, 25 (D.D.C.2003), aff'd 98 Fed.Appx. 8 (D.C.Cir.2004), cited with approval in *Lewis v. District of Columbia*, No. 10–5275, 2011 WL 321711, at *1 (D.C.Cir. Feb. 2, 2011) (per curiam). Accordingly, the Court will deem the federal defendants' argument conceded and dismiss the plaintiffs' requests for equitable relief. Garcia v. Sebelius, 867 F. Supp. 2d 125, 138 (D.D.C. 2012) opinion vacated in part, 919 F. Supp. 2d 43 (D.D.C. 2013)

This court can find that Smith has conceded the merits of the Plaintiff's OSC. (Docket #170). As a consequence and concession thereof, this court can issue the OSC.

## II. SMITH'S CLAIMS ARE FORECLOSED BY COURT OF APPEAL RULING.

This is classic law of the case. *See Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993), in

which the court stated as follows:

> ". . . Under that doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case. *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 715 (9th Cir.1990)."

In this case, the Court of Appeal dismissed Smith's appeal as premature and that the court lacked jurisdiction. Arguing these issues to this court is precluded by law of the case.

Smith argues that the this court should not issue the OSC because, in some way, the Court of Appeal should have heard and considered the appeal from the District Court. However, the Ninth Circuit dismissed the appeal on the basis that the Circuit Court lacks the jurisdiction as follows:

> "Appellee's opposed motion to dismiss this appeal for lack of jurisdiction is granted. See *Richmark Corporation vs. Timber Falling Consultants*, 937 F.2d 1444, 1449 (9th Cir. 1991)." (Docket No. 175-1).

While Smith filed a motion for rehearing, the appeal is dismissed. The appeal is over. Arguing the merits of the "rehearing" to this court therefore is irrelevant as only the Ninth Circuit could hear and consider the matter.

Given the conclusion of the appeal, rearguing the merits of appealability does defer the consideration by the court of the OSC.

### III. SMITH FAILED TO OBTAIN A STAY.

The current Opposition seeks to stay pending the outcome of the rehearing before the Ninth Circuit. However, first Smith is not entitled to a stay under FRCP 62(a) and 62(d) because Smith has not formally moved for a stay and complied with the evidentiary showing. Moreover, Smith has not sought to obtain a stay from the Ninth Circuit, pending the outcome of the "rehearing."

Nothing in the Opposition, in light of the concessions, justifies a stay. Upon the filing of

the OSC, Smith declined to file a motion for stay which itself is another concession that he would not be entitled to a stay.

### IV. SMITH IS IN CONTEMPT OF COURT FOR THE FAILURE TO COMPLY WITH THE DISCOVERY ORDER.

EMI proceeds with Civil and not criminal contempt.[1] Civil contempt is when a valid order has been issued which compels the contemptor to perform some act, which is some cases is the production of records, appearance in court, or testimony. The contemptor declines to comply with the order. Civil contempt is coextensive with the court's inherent powers. *See United States v. Yates*, 107 F.Supp. 412, 414-15 (S.D. Cal. 1952), in which the court stated as follows:

> Where a witness is imprisoned for civil contempt, 'Imprisonment * * * is not inflicted as a punishment, but is intended to be remedial by coercing the defendant to do what he had refused to do. * * * to coerce the defendant to do the thing required by the order for the benefit of the complainant. If imprisoned, as aptly said In re Nevitt (8 Cir.), 117 F. (448) 451, 'He carries the keys of his prison in his own pocket.' He can end the sentence and discharge himself at any moment by doing what he had previously refused to do.' [Citations omitted] It exists for an equitable purpose, and duration of the power in a given instance is co-extensive with existence of the purpose. [Citations omitted] . . . but is an inherent power possessed from the beginning by federal courts in the exercise of their equity jurisdiction, which parallels that exercised by the English Court of Chancery at the time our Constitution was formed. [Citations omitted]

Smith only faces contempt because he refuses to comply with the Discovery Order. Like any other contemptor, Smith remains in 100% control of this case should he decide to comply with the Discovery Order. As classically stated, ". . .petitioner carry the keys of their prison in their pockets . . ." *Shillitani vs. United States*, 384 U.S. 364, 368 (1966). Civil contempt is imposed to compel compliance with a court order . *United States vs. Perry*, 16 F.3d 952, 956 (1st Cir. 1997). *See also, Falstaff Brewing Corporation vs. Miller Brewing Co.*, 702 F.2d 770, 778 (9th

---

[1] Criminal contempt would be brought by the United States Attorney for the Eastern District of California in a separate proceeding as opposed to counsel for a party. Criminal contempt is found under 18 U.S.C. Section 401 seq. Criminal contempt itself is punitive or opposed to coercive.

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO SCOTT SMITH'S RESPONSE TO EX PARTE APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE CONTEMPT(Docket # 175) - CASE NO. 2:10-mc-00055-JAM-EFB                          4

Cir. 1983).

Smith is the person solely and completely responsible for the risks which he faces. He failed to comply with the Discovery Order, which was his choice. He appealed to the Ninth Circuit, which dismissed the appeal for lack of jurisdiction. The decision to appeal the Discovery Order was Smith's own choice.

Smith finally claims EMI must demonstrate "good cause" for the court to issue an OSC. (Opposition, page 5, lines 22-23). Smith does not offer this court any authority, case cites, treatise or otherwise. Smith failed to comply with the Discovery Order. Smith is obligated to comply as he is obligated to pay for the underlying infringement judgment.

Smith admits that he is engaging in a charade. "It is not inconceivable that Smith might choose production over custody when faced with those choices, but then if the Ninth Circuit ruled in Smith's favor, the damage is done, the documents have been produced, and EMI might not be compelled to return the documents . . . " (Page 6, lines 25-28, page 7, lines 1-2).

This statement represents an admission that Smith's goal is to drive up EMI's expenses in enforcement when, given no other options, as here, Smith will capitulate. Smith is broadcasting to the court that Smith is going to cycle this entire process through an OSC, judgment, and appeal to the District Court and Ninth Circuit solely for the purpose of generating the greatest amount of expense. Literally, Smith invites this court to issue the OSC.

The balance of the statements in the Opposition are personal attacks upon adverse counsel. Personal attacks upon an adverse counsel is an admission that the person making the attack has no defense to the claim, motion, complaint or other matter, as here.

## V. CONCLUSION.

Smith infringed on EMI's trademark, which led to the underlying million dollar judgment,

nondischargeability action, and ensuing judgment, and now, years of enforcement. Smith's case significantly harmed EMI as a result of the infringement, and continues to harm EMI by driving up its expenses on multiple fronts. Smith has now filed three trademark cancellations directed to EMI's counsel, and multiple trademark cancellations of EMI's trademarks.

Smith concedes that he will turn over documents, should the court issue the OSC. (Smith's comment, *supra*, page 6, lines 25-28, page 7, lines 1-2). This court should call Smith's bluff and issue the OSC. Either Smith is going to turn over documents which will aid Plaintiff in the collection of this judgment or, as in any case arising from civil contempt, Smith will be incarcerated until he does comply.

The purpose of this OSC is to collect this judgment which Smith owes. Given Smith's concessions, this court should issue the OSC as soon as possible, and set the matter for trial.

DATED: January 16, 2015                COOK COLLECTION ATTORNEYS

By: __/s/ David J. Cook_____
DAVID J. COOK, ESQ. (SBN 060859)
Attorneys for Plaintiff
ENTREPRENEUR MEDIA, INC.

F:\USERS\DJCNEW\scott smith_REPLYTOOPPOSITION_2

# PROOF OF SERVICE

Karen Mix
7824 Copper Fox Court
Citrus Heights, CA 95610

Eric John Fred Mewes
Attorney at Law
712 Bancroft Road, #111
Walnut Creek, CA 94598

I declare:

I am employed in the County of San Francisco, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 165 Fell Street, San Francisco, CA 94102. On the date set forth below, I served the attached:

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO SCOTT SMITH'S RESPONSE TO EX PARTE APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE CONTEMPT(Docket #175)

on the above-named persons by:

__XXX__ (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the person(s) served above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 16, 2015.

/s/ David J. Cook
DAVID J. COOK, ESQ. (SBN 060859)