UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTREPRENEUR MEDIA, INC., | No. 2:10-mc-55-JAM-EFB |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS FOR ORDER TO SHOW CAUSE IN RE CIVIL CONTEMPT |
| SCOTT SMITH, | |
| Defendant. | |

This matter was before the court on March 11, 2015, for hearing on plaintiff Entrepreneur Media Inc.'s motion for an order to show cause in re contempt as to defendant Scott Smith. ECF No. 170.[1] Attorneys David Cook and Ryan Dahm appeared on behalf of plaintiff; attorney Eric Mewes appeared on behalf of defendant. Smith was ordered to produce documents relevant to the location of his assets. He has failed to comply with the order, and EMI now seeks an order to show cause as to civil contempt.

I.  INTRODUCTION

Plaintiff Entrepreneur Media, Inc. ("EMI") filed this action to enforce a judgment entered in the United States District Court for the Central District of California against defendant Scott

/////

---

[1] This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1). *See* 28 U.S.C. § 636(b)(1).

1

Smith in 2003 for trademark infringement.[2]  EMI registered the judgment in this court and commenced these collection proceedings.  ECF No. 2.  Since the registration of the judgment in 2010, there have been several motions and hearings which, in short, culminated in an order that Smith produce documents necessary to complete the taking of a judgment debtor examination as to his assets.  ECF No. 162.  To say that Smith has not cooperated is an understatement.[3]

Smith was first ordered to appear for a judgment debtor exam by an order entered on September 10, 2010.  Yet, as detailed below, it took multiple filings, continuances, hearings, and admonishments for him to submit to such an examination, and his current failure to comply with the order to produce documents has prevented the completion of that examination.  Smith has benefited from several extensions, has received multiple continuances, and has been warned as to the consequences of not complying with the court's orders.[4]  EMI now seeks enforcement through the court's contempt powers.  For the reasons that follow, it is recommended that Smith be ordered to appear before the district judge and show cause why he should not be incarcerated until he complies with the court's order.

II.     BACKGROUND

Throughout these proceedings, EMI and Smith have filed numerous motions in which EMI has sought to obtain, and Smith has sought to prevent, access to evidence of and control over Smith's assets.  EMI initially sought appointment of a receiver to sell certain domain names

---

[2] The judgment was affirmed by the U.S. Court of Appeals for the Ninth Circuit.  ECF No. 2 at 7.

[3] Although these findings and recommendation focus on Smith's disobedience with the court's order to produce documents and information, EMI is not blameless in the delay that has occurred in this case.  The level of acrimony between Smith and EMI's counsel has taken on the character of an internecine feud.  The multiplicity of filings by both parties has only obscured the issues that need to be resolved.

[4] *See* ECF Nos. 40 (resetting the exam for May 18, 2011); 61 (continuing the exam to July 20, 2011); 72 (continuing the exam to October 19, 2011); 85 (granting EMI's request to continue the exam, ECF No. 83, and resetting it for November 30, 2011); 96 & 97 (formal minutes and subsequent written order denying Smith's request to again continue the exam and ordering that it proceed immediately after the November 30 hearing on various motions); 106 at 8-11 (admonishing Smith as to prior delays and ordering the exam to proceed); and 121 (setting continuation of the debtor exam for October 17, 2012).

1  owned and/or controlled by Smith.[5]  ECF No. No. 24.  It also served a third party subpoena on
2  Chase Bank.  EMI also sought an order requiring Smith to appear for a judgment debtor
3  examination, which was granted and Smith was ordered to appear for an examination on May 18,
4  2011.  ECF No. 40.

5  The court instructed the parties to complete the debtor exam (i.e., the deposition of Smith
6  as to the existence and location of his assets) prior to addressing the various collection remedies
7  requested by EMI.  ECF Nos. 61, 64 at 6 (transcript of hearing noting concern that "no debtor's
8  exam was ever done of Smith to explore other methods of execution of [ ] satisfaction of the
9  judgment."); *see also* 106 at 3.

10  Smith responded to the order to appear at a debtor exam with a motion to stay this
11  proceeding pending a bankruptcy appeal and with a motion for temporary restraining order.  He
12  argued that efforts to enforce the underlying judgment should be stayed pending his appeal before
13  the U.S. Court of Appeals for the Ninth Circuit over the question of whether the judgment should
14  have been discharged in bankruptcy.  ECF Nos. 52, 53.  Those motions were heard and denied on
15  May 4, 2011, and the parties were ordered to proceed with the debtor exam set for May 18.  ECF
16  Nos. 61, 64 at 34.

17  Smith on that same day filed a motion to continue the debtor examination for a period of
18  60 days.  He also requested that the deadline for producing documents be similarly extended.
19  ECF No. 60.  He argued that the extension was needed because the document requests required
20  him to "pour through over seven (7) years of financial statements, bank records, and countless
21  personal records . . . ."  *Id*. at 3.  He further stated that he was "trying to find legal representation
22  to assist him in responding."  *Id*.  In light of that representation and the expectation that with
23  assistance of counsel the new deadline would be met, he was granted an additional 60 days to
24  produce the documents and the debtor examination was continued to July 20, 2011.[6]  ECF No. 61.

---

[5] Smith, proceeding pro se at the time, moved to quash that subpoena claiming that it sought information related to a credit card account of his girlfriend, Karen Mix, not himself. ECF No. 29. The request for a receiver was denied as premature. ECF No. 61.

[6] The order also denied EMI's motion to appoint a receiver and Smith's motion for a stay. In light of the postponement of the debtor exam, hearing on Smith and Mix's motions to quash

This accommodation did not yield the expected result.

EMI had also served a third party subpoena on Bank of America seeking documents evidencing assets of Smith. Smith moved to quash that subpoena, ECF No. 65, and also filed a second motion to extend time to produce documents and to appear for the judgment debtor examination. ECF No. 67. He claimed that good cause supported his request for a variety of reasons, including: (1) the attorney he believed would be able to assist him at the judgment debtor examination "has contracted pneumonia and is apparently extremely ill" and that Smith was "unable to adequately determine when and if the attorney will still be able to assist [Smith] or if [Smith] will need to obtain alternative legal assistance, and [he] may not know for several weeks"; (2) "[a] significant number of [Smith's] documents and computer records may be unavailable until [he] can complete the time-consuming and expensive task of updating or trying to replace several computer applications that are incompatible with Apple's current operating system"; (3) Smith "recently received a Jury Summons to serve as a trial juror" and when he "called the Court to discuss possible scheduling conflicts, [he] was advised to appear at Sacramento Superior Court by 8:00 a.m. Monday, July 18, 2011 to Thursday, July 21, 2011, or until [he is] dismissed as a juror or [is] selected to serve as a trial juror"; and (4) allowing EMI to conduct the judgment debtor examination before the Court can rule on Smith's motion to quash and motion for sanctions could have the effect of mooting issues in that motion. *Id*. at 2-3.

Smith's articulated reasons were, for the most part, unpersuasive. However, in light of his representation of a sudden illness of his counsel, he was again permitted additional time. ECF No. 72. Smith was cautioned as to further delays and the debtor examination was reset for October 19, 2011. Smith was granted an additional 90 days to produce documents and was ordered to appear for the exam as rescheduled.

Prior to the rescheduled exam, EMI filed a motion for assignment of rights, a restraining order, and turnover order, and noticed that motion for hearing on October 26, 2011. ECF No. 79.
/////

---

the subpoena, for a protective order, and for sanctions was continued to August 24, 2011. *Id*. 61.

1    EMI then requested that the debtor examination and the October 26, 2011 hearing be continued to
2    October 19, 2011 (notwithstanding the court's direction that the examination be completed prior
3    to consideration of the various collection remedies). ECF No. 83. The continuance was granted
4    and the judgment debtor examination was reset for November 30, 2011 at 9:30 a.m.
5    Consideration of the motion for assignment of rights, a restraining order, and turnover order was
6    deferred until after the debtor exam.[7] ECF No. 85.

7    Shortly after the court granted the requested continuance, EMI also filed a motion for a
8    pre-filing screening order that would require all filings by Smith to be reviewed by the court
9    before they were filed. ECF No. 87. Then, on November 29, 2011, Smith filed a motion for a
10   continuance of his judgment debtor exam. ECF No. 92. That same day, EMI filed an application
11   for an order to show cause why a permanent pre-filing order should not be issued as to Smith, and
12   an opposition to Smith's request for an extension of time. ECF Nos. 93, 94. The court heard and
13   denied those motions on November 30, 2011 and directed the judgment debtor exam to go
14   forward that day as scheduled. ECF Nos. 96, 97.

15   After the November 30 debtor exam, EMI filed a notice on January 10, 2012, that the
16   Ninth Circuit had affirmed a Bankruptcy Appellate Panel's judgment that Smith's debt to EMI
17   was nondischargeable. ECF No. 107. Smith, as became his routine, responded by filing another
18   request for a continuance, ECF No. 108; this time for a continuance of EMI's various motions for
19   an assignment of rights and a turnover and restraining order, ECF No. 79. Smith claimed in the
20   request that he found an attorney to represent him and needed time to prepare an opposition in
21   light of the Ninth Circuit ruling. ECF No. 108. Based on that representation, the hearing for
22   EMI's motions was continued to March 7, 2012. ECF No. 109. EMI's motions were heard and
23   denied on March 7, during which the court expressed its concern that EMI was seeking an
24   assignment of rights but had not adequately identified the specific source of money to be
25   /////

26

27   [7] Those motions were reset for hearing on December 21, 2011. The order also set a revised briefing schedule and continued hearing on Smith and third party Mix's motions to quash
28   the Chase Bank subpoena to that same date. ECF No. 85.

5

assigned, thereby preventing an application of the Cal. Civ. Proc. Code § 708.501 factors.[8]  ECF Nos. 113, 114 at 11 (citing *Garden City Boxing Cub, Inc. v. Briano,* 2007 WL 4463264 (E.D. Cal) (Ishii, J.)).  The denial of EMI's motions was without prejudice to renewal if EMI could establish through further discovery the information necessary to conduct a proper § 708.501 analysis.  ECF No. 114 at 11-12.

Thereafter, EMI filed (prematurely) another motion to appoint a receiver of Smith's domain names, ECF No. 115, and also sought an order for Smith's appearance at a further judgment debtor exam.  ECF No. 117.  Smith was ordered to appear on October 17, 2012, for that examination.  ECF No. 121.  But Smith sought numerous continuances.  On September 26, 2012, he requested a 90 day continuance.  ECF No. 122.  This time he represented to the court that "[t]he attorney Smith reasonably believed would be assisting him to properly research and oppose EMI's Motion for Appointment of Receiver, very recently informed Smith that she will NOT be able to due to several recent and significant changes in her personal and professional life." *Id.* at 2.  Smith added that he was able to find a new attorney "who has agreed to come on board" and identified the attorney as Eric Mewes.  However, Smith also added that Mr. Mewes "recently had major surgery and is on doctor's orders to 'lay low' for several months." *Id.*  In light of those representations, the examination was continued to January 16, 2013.  ECF No. 124.  But on January 2 Smith sought a second continuance claiming attorney Mewes needed additional time to prepare because he was recovering from surgery.  ECF 125.  Smith was granted another continuance and the judgement debtor examination and the hearing on EMI's motion for appointment of a receiver were continued to April 17, 2013.

Not surprisingly, on March 27, 2013, Smith filed yet another motion for a 90-day continuance.  ECF No. 128.  This time Smith claimed that the extension was necessary because he "has been diagnosed with a serious and painful medical condition that is physically preventing him from being able to properly prepare for or attend [the judgment debtor examination], and

---

[8] It was this concern that prompted EMI to conduct further document discovery so that it could question Smith further as to documents bearing on his assets as they relate to the § 708.501 factors.

6

from being able to properly maintain a continuous and close working relationship with his attorney, Eric Mewes." *Id*. at 2. Smith stated that Mewes "has been diligently working on Smith's case, but because he is new on this complicated case that involves numerous issues and has roots dating back over 15 years, Mewes must frequently rely on Smith to be able to quickly provide information and documents that only Smith can provide." *Id*. at 4. Smith said "due to [his] current medical condition, he has been unable to timely provide Mewes with the information and documents that Mewes needs to properly represent Smith in this proceeding." *Id*. at 4-5. Contrary to those representations, however, Mr. Mewes filed shortly thereafter (on April 2, 2013) a notice of Substitution of Attorney, ECF No. 129, and an opposition to the motion to appoint a receiver for Smith's domain names, ECF No. 130. Accordingly, the request for continuance was denied as moot. ECF No. 133 at 3. The order expressly stated that the April 17, 2013 judgment debtor examination remains on calendar. *Id.*

On April 17, 2013, Smith failed to appear for the examination. He had been ordered to appear on that date at 9:30 a.m. His counsel, Mr. Mewes, and counsel for EMI, Mr. Cook, were present and waited. The court held a hearing at 10:15 a.m. regarding Smith's absence. Mewes informed the court that he had spoken with Smith by phone at 9:57 a.m. Smith reported in that call that he was having problems with kidney stones but was on his way and would be arriving for the examination by 11:00 a.m.[9] At Smith's counsel request, both counsel were instructed to wait until Smith arrived at 11:00 a.m.[10]

---

[9] THE COURT: Well, right now I'm looking at an order that expressly denied the request to continue this debtor's exam that was set for today and --
MR. MEWES: I understand that, and my argument doesn't go to that at all.
THE COURT: All right. Well, what's the status with Mr. Smith and his presence?
MR. MEWES: He told me he's hopping in his car and he's getting here as of 9:57 within the hour, quote/unquote.
THE COURT: And is he here yet?
MR. MEWES: No, he's not here, yet, Your Honor.

Transcript at ECF No. 138 at 3.

[10] Smith's counsel was instructed that Smith would be ordered to show cause why he should not bear the cost of the deposition reporter's time spent waiting as well as the time expended by EMI's counsel.

7

1         Smith did not arrive at 11:00 a.m. and as of 11:20 a.m. was still not present. The case was
2  recalled at that time. Smith still was not present. After discussion, counsel were released and,
3  Smith was ordered to show cause why he should not be sanctioned for his failure to appear for his
4  examination, including paying the cost of the reporter and EMI's attorney's fees. ECF Nos. 135,
5  138 at 7-10. Smith's judgment debtor examination was reset for June 5, 2013, at 9:30 a.m. *Id*. at
6  3.
7         Smith and his counsel each responded to the order to show cause, arguing that sanctions
8  were inappropriate because: (1) this court has no jurisdiction to rule on post-trial
9  supplemental/ancillary matters such as the imposition of sanctions in the instance case, absent
10 express written consent of all parties (arguing that Eastern District of California Local Rules
11 302(c)(11) and (21) are invalid); (2) the court should not have denied Smith's earlier (and third)
12 request for a continuance of the judgment debtor examination; and (3) Smith did not fail to appear
13 on April 17, and he should not be sanctioned for his late appearance that day due to his serious
14 medical condition. ECF Nos. 137, 137-1.
15        Smith, consistent with his established pattern, requested a 45-day continuance of the June
16 5 date for hearing on the order to show cause and for the debtor examination, claiming a
17 continuance was necessary because he was scheduled to have major back surgery the week of
18 June 3, 2013. ECF No. 140; *see also* ECF No. 141. In light of the allegation of scheduled
19 surgery, the show cause hearing and the judgment debtor examination were moved to July 24,
20 2013. ECF No. 144.
21        Smith appeared on that date with his counsel and was admonished about the repeated
22 delays and his failure to appear on April 17, 2013. ECF No. 146 at 3-4. Unchastened, Smith,
23 through his counsel, again asked that the debtor exam be continued. *Id*. at 14. That request was
24 denied and the parties were ordered to proceed with the deposition. *Id.* at 15. Although the
25 deposition proceeded, the court's intervention became necessary due to Smith's objections to
26 questions about whether he had any ownership interest in any websites and how and from what
27 sources/accounts he paid his attorney's fees and the amount paid. *Id.* at 20, 36. Smith was
28 directed to respond to the questions regarding his ownership interest in any website, and then, if

8

1  necessary, provide whatever explanation was necessary to explain his understanding of the
2  interest. *Id.* at 32. Smith's attorney-client privilege objection as to questions regarding payment
3  of attorney's fees was set for briefing.[11] The parties were instructed to proceed with the
4  questioning as to other matters, and hearing on the objections as well as the completion of the
5  examination of Smith was set for August 28 at 10:00 a.m., and Smith was order to appear on that
6  date and time. *Id.* at 42.

7  At EMI's request, that date was continued to October 2, 2013 at 10:00 a.m. ECF Nos.
8  149, 151. In the interim, EMI also filed a motion to compel further production of documents and
9  the court set all matters, including the remainder of Smith's debtor exam, to be heard jointly on
10 October 16, 2013. ECF No. 161. At the October 16 hearing, Smith's counsel confirmed that
11 Smith would respond to the questions, ECF No. 164 at 3, and Smith was ordered to answer
12 questions as to the source of payment of attorney's fees and whether his attorney was holding any
13 funds for Smith, ECF No. 164 at 5-6. However, Smith did not bring to the courtroom the
14 documents sought by EMI's request for production. Therefore, questioning of Smith as to those
15 documents had to be deferred to a future date to be set in the court's written ruling on the motion
16 to compel. ECF No. 164 at 9.

17 The court entered its order on November 26, 2013, granting in part the motion to compel
18 and ordering Smith to produce documents responsive to requests number 2 through 13.[12] ECF
19 No. 162 at 3, 7. The order specifically stated that "[w]ithin 21 days of the date of this order,
20 defendant shall serve plaintiff with responses to its June 17, 2013 Requests for Production of
21 Documents, request numbers 2 through 13, as set forth herein." *Id*. at 7. It is Smith's failure to
22 comply with this order that is the subject of the instant motion for an order to show cause.

23 Smith sought reconsideration of the November 26 order by the assigned district judge,
24 arguing that the court failed to consider whether EMI complied with Local Rule 251(b)'s meet

---

[11] The court cited the parties to *Clarke v. American Commerce National Bank,* 974 F.2d 127 (9th Cir. 1992) and instructed them to brief the issue. ECF No. 146 at 38, 40.

[12] The order neglected, however, to set a new date for completion of the debtor exam for purposes of questioning Smith about the responsive documents, and that questioning has yet to occur.

9

and confer requirement prior to filing its motion to compel discovery. ECF No. 163. Judge Mendez denied that motion on January 13, 2014. ECF No. 165. Smith thereafter filed a notice of appeal citing both the November 26 order as well as the order denying his motion for reconsideration. ECF No. 166. That appeal was dismissed by the Ninth Circuit for lack of jurisdiction.[13] ECF No. 169.

On December 3, 2014, EMI sought an order to show cause in re contempt due to Smith's failure to comply with the November 26, 2014 order to produce the documents. ECF Nos. 170, 172. Smith filed his opposition to that request, ECF No. 175, and on February 4, filed a request for a 45-day continuance of the hearing on the matter explaining that Mr. Mewes's (Smith's attorney) father had recently died and Mr. Mewes needed an extension to handle matters regarding his father's estate. ECF No. 177. The hearing was continued to March 11, 2015. ECF No. 178. However, a few days before the hearing, on March 9, Smith personally filed a request to again continue the hearing for at least 60 days. ECF No. 180. He stated that the additional continuance was needed because Mr. Mewes had suffered an unspecified "life threatening medical emergency that could require weeks or months of treatment and recovery." *Id*. at 4. The request was not supported by any documentation of Mr. Mewes's condition and how it would preclude his attendance at the March 11 hearing. Given the history of delays occasioned by Smith, the unsupported request was denied. ECF No. 181.

Despite Smith's representations of a "life threatening medical emergency," Mr. Mewes appeared at the March 11, 2015 hearing.

III.  EMI'S MOTION FOR AN ORDER TO SHOW CAUSE

Setting to the side for the moment the history of noncompliance and obstruction of discovery in this judgment enforcement proceeding, the instant motion focuses on Smith's disobedience of the court's November 26, 2013 order to produce documents. That order specifically directed Smith to produce, within 21 days, documents responsive to EMI's request numbers 2 through 13. ECF No. 162 at 7. Smith has failed to provide any valid basis for

---

[13] The Ninth Circuit's mandate was issued on March 3, 2015. ECF No. 179.

disregarding the court's November 26, 2013 order, and, as explained below, he should now be ordered to show cause before the district judge why he should not be incarcerated for civil contempt until he complies with the court's order.[14]

Where, as here, a party fails to obey a court order compelling discovery, the court may issue sanctions, including "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(1)(vii). Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). A sanction for civil contempt is intended to coerce the party in contempt to comply with the court's order in the future, with the sanction conditioned on continued noncompliance. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992). Thus, a party imprisoned for contempt "carries the keys of his prison in his own pocket because civil contempt is intended to be remedial by coercing the defendant to do what he had refused to do." *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005).

"The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Federal Trade Comm'n v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). To establish that civil contempt is appropriate, EMI must demonstrate "(1) that [Smith] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010). Once EMI makes this showing, the burden shifts to Smith to demonstrate that he "took all reasonable steps within his power to insure compliance with" the court's order. *Hook v. Arizona Dept. of Corrections*, 107 F.3d 1397, 1403 (9th Cir. 1997).

/////

---

[14] EMI has since moved for criminal contempt. That motion will be addressed separately. This Order and Findings and Recommendation address only civil contempt for purposes of compelling compliance with the order.

"The choice among the various sanctions rests within the discretion of the district court," *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1364, 1369 (9th Cir. 1980), and the Ninth Circuit "defer[s] considerably to the judgment of the district court in fashioning the appropriate sentence because of its proximity to the events out of which contempt springs." *United States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980). However, a "district court should apply the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders." *Id*.

As recounted above, Smith has disobeyed a discovery order entered by a magistrate judge. Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), where a party's conduct "constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." At the hearing, "[t]he district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before the district judge."[15] *Id*.

The court finds that Smith has willfully disobeyed the court's order that he produce documents delineated in the court's order docketed on November 26, 2013, ECF No. 162 at 3-4 and 7 (ordering production of documents response to requests "2 through 13."). Thus, Smith was ordered to produce:

> 2. Any and all statements of account(s) of any type or nature, of the account with PayPal, Bank of America, and/or any and all other financial institutions, or any one of the same, no matter where located, for the years of 2010 to date hereof ("TIME PERIOD"). The statement of account(s) shall include copies of all deposits and receipts, copies of all checks as paid therefrom, wire transfers, credit card entries, credit card disbursements, and all other items that appear thereunder.

---

[15] Although § 636(e)(6)(B)(iii) makes reference to "punishment" the section prescribes a certification procedure for both civil and criminal contempt. As noted above, these findings and recommendation apply only to civil contempt for purposes of compelling Smith's compliance with the order. Here, incarceration--if it becomes necessary--is not for purposes of punishment but for coercing compliance. *Lasar v. Ford Motor Co.*, 399 F.3d at 1110.

3.  Any and all books, letters, papers, files, or documents ("DOCUMENTS") which show any wire transfer, electronic distribution and/or transmission of funds, purchase of debit cards, acquisition and use of any online digital banking services, such as Bitcoin, and/or any and all other papers which show any account in YOUR name, and moreover, any account by any entity, including any digital entity, for the TIME PERIOD.

4.  Any and all statements of account(s) by any and all credit card companies, including American Express, VISA, MasterCard, or any financial institution issuing any credit card, whether under the name of AmeriCard, or otherwise.

5.  Any and all credit cards issued by Discover Card, or the like, for statements of the TIME PERIOD. These include the entire statements and copies of any ancillary transfers thereunder.

6.  Any and all email communications of any type or nature, by and between YOURSELF and PayPal, Bank of America, or any other person holding an account for YOURSELF for the TIME PERIOD.

7.  Any and all records of any type or nature, including email transmissions, by and between YOURSELF and GoDaddy. This includes, but is not limited to, all applications, any domain names, all contracts, agreements, and other memoranda, by and between YOURSELF and GoDaddy.

8.  Any and all DOCUMENTS which show any written communications by and between YOURSELF and GoDaddy, and communications with third parties which provide for the sale, directly or indirectly, of domain names.

9.  Any and all DOCUMENTS which indicate the sale, directly or indirectly, of domain names, or any type of digital track which show the receipt of money arising out of the sale of domain names, or the like, for the TIME PERIOD.

10. Any and all DOCUMENTS which evidence the receipt of any income from January 1, 2011 to date hereof.

11. Any and all DOCUMENTS which reflect any transactions in which SMITH received income, by cash, barter, property, exchange, or the rendition of services for and on his behalf, as income revenue, profits or proceeds.

12. Any and all emails with any person seeking to solicit business of any type or nature for the TIME PERIOD.

13. Any and all DOCUMENTS which constitute a list of all domain names in YOUR name, or any nominee, assignee, transferee, or third party who holds the domain names for and on behalf of and for the benefit of YOURSELF. This includes any domain names that were once in YOUR name and that YOU

> transferred to any other entity who holds those domain names on YOUR behalf, including all transfers to any entity under the control of GoDaddy, or any of its subsidiaries of affiliates.

ECF No. 162 at 3-4.

The order sufficiently describes the document to be produced. It clearly ordered Smith to do so by a fixed deadline, i.e. within 21 days of the date of the order. *Id.* at 7. At the March 11 hearing on this motion, Smith's counsel conceded that his client had not yet produced any responsive documents. Indeed, he stated that his client was in the process of gathering the documents, although no justification was given for why he had not done so prior to the date that they were due; this despite the fact that the discovery order was issued approximately 16 months prior to the hearing. Counsel also claimed that he brought to the hearing documents that were responsive to *some* of the discovery requests. Those documents, which were subsequently filed with the court, consist of little more than a few carbon copies of deposit slips, a letter from Bank of America to EMI's counsel, and a list of domain names purportedly owned by Smith. ECF No. 183. They fall far short of the financial documents Smith was ordered to produce. *See* ECF No. 162. Counsel, acknowledging the deficiency of the documents brought to the hearing, further represented that Smith could fully comply with the court's November 26 order if given as little as 10 extra days. Far more than 10 days have now passed. To no surprise, there has been no indication that Smith has complied with the court's order.

Further, the court finds that a lesser sanction than resort to the court's powers of civil contempt would have no impact on Smith's recalcitrance. As recounted above, this judgment enforcement proceeding was initiated in this district to enforce a 2003 judgment rendered against Smith. Smith's conduct throughout has been a pattern of stall tactics and evasive behavior. Over the course of approximately five years, he has sought a continuance of virtually every matter before this court in his attempt to evade discovery of his assets and delay or avoidance entirely of payment of the judgment. Notwithstanding his having received the benefit of the doubt on many of the continuances, Smith persist in trying the court's patience with more delays and then ignoring repeated admonishments as to noncompliance. In light of his conduct, there is no reason to believe that monetary sanctions will coerce compliance. Simply adding additional dollars to

the judgment (exceeding $682,156) that he continues to avoid creates no incentive to comply with the order that he provide documents which will disclose his assets.

Accordingly, EMI's motion for an order to show cause should be granted and Smith should be directed to be appear before the Judge Mendez to show cause why he should not be incarcerated for civil contempt until he complies with the court's order.

IV.   CONCLUSION

For the reasons stated above, it is recommended that defendant Scott Smith be ordered to appear before Judge Mendez, at a date and time to be set by Judge Mendez, to show cause why Smith should not be found in civil contempt and incarcerated until he fully complies with the court's November 26, 2013 order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 22, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE