UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTREPRENEUR MEDIA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT SMITH,<br><br>Defendant. | No. 2:10-mc-55-JAM-EFB<br><br><br><br>ORDER |

This matter is before the court on plaintiff Entrepreneur Media, Inc.'s ("EMI") *ex parte* application for issuance of an order to show cause why sanctions should not be imposed against defendant Scott Smith (ECF No. 186); EMI's motion for reconsideration of the court's order denying its motion to compel the production of Smith's tax returns (ECF No. 189), and Smith's motion to quash a subpoena plaintiff served on non-party GoDaddy.com (ECF No. 237).[1] For the reasons stated below, the motions are denied.

I. <u>Application for an Order to Show Cause</u>

EMI filed an *ex parte* application for an order directing Smith to show cause why he should not be subject to sanctions for engaging in conduct intended to harass EMI and its counsel,

---

[1] The court determined that oral argument would not materially assist in the resolution of the pending motion and the matter was ordered submitted on the briefs. *See* E.D. Cal. L.R. 230(g).

1

1 | Davis Cook. ECF No. 186. EMI claims that Smith has submitted a series of filings with the
2 | Trademark Trial and Appeal Board ("TTAB") and made personal attacks on Mr. Cook for the
3 | sole purpose of harassing EMI and Mr. Cook. ECF No. 186-1 at 5-12. EMI contends that "[n]o
4 | lesser sanction than a pre-filing order, judgment of contempt (including 10 days of
5 | imprisonment), and a holding that Smith is a vexatious litigant" will provide adequate protection
6 | to EMI and its counsel. *Id*. at 13. As discussed below, EMI has failed to demonstrate that the
7 | relief sought is appropriate under the circumstances of this case.

      A.      Legal Standards

           1.      Sanctions Under the Court's Inherent Power

The Supreme Court has "recognized the well-acknowledged inherent power of a court to levy sanctions in response to abusive litigation practices." *Roadway Exp. Inc. v. Piper*, 447 U.S. 752, 765 (1980). "Through this power, courts have the ability to punish conduct both within their confines and beyond, regardless of whether that conduct interfered with trial." *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001). Thus, "[a] court has the inherent power to sanction a party or its lawyers if it acts in 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' as well as for 'willful[ ] abuse [of the] judicial processes.'" *Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (modifications in original) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)).

However, courts must exercise their inherent powers "with restraint and discretion," and may not invoke them absent "a 'specific finding of bad faith.'" *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993). "For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). Nonetheless, "the bad faith requirement sets a high threshold." *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1132 (9th Cir. 2008). "Even in a case where the district court describes a litigant's arguments as 'totally frivolous,' 'outrageous'

and inexcusable' and called his behavior 'appalling,' [the Ninth Circuit] nonetheless refused to equate this characterization of conduct as synonymous with a finding of bad faith." *Id*.

To shield against potential abuse, "individuals subject to sanction are afforded procedural protections, the nature of which varies depending upon the violation, and the type and magnitude of the sanctions." *F.J. Hanshaw Enterprises Inc.*, 244 F.3d at 1137. A party facing sanctions pursuant to a court's inherent power that are criminal in nature is entitled to the same due process protections available in criminal contempt proceedings. *Id.* at 1139 (citations omitted). This includes the right to be advised of the charges, the right to a disinterested prosecutor, the right to assistance of counsel, a presumption of innocence, proof beyond a reasonable doubt, the privilege against self-incrimination, the right to cross-examine witnesses, the opportunity to present a defense and call witnesses, and the right to a jury trial if the fine or sentence imposed with be serious." *Id*.

### 2. Issuance of a Pre-Filing Order

District courts have the inherent power under the All Writs Act, 28 U.S.C. § 1651(a), to declare a party a vexatious litigant and impose appropriate pre-filing restrictions. *Ringgold-Lockhart v. Cnty. of L.A.*, 761 F.3d 1057, 1061 (9th Cir. 2014). However, such orders are an extreme remedy and should rarely issue. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered." *Ringgold–Lockhart*, 761 F.3d at 1062 (brackets and internal quotation marks omitted).

### B. Discussion

As a threshold matter, EMI's motion for an order to show cause was filed as an improper *ex parte* motion. An *ex parte* application is "a request a party makes to the court without any notice to the other side." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp.

488, 490 (C.D. Cal. 1995). These "applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief." *Moore v. Chase, Inc.*, 2015 WL 4393031, at 4 (E.D. Cal. July 17, 2015) (quoting *Clark v. Time Warner Cable*, 2007 WL 1334965, at *1 (C.D. Cal. May 3, 2007)). EMI's motion provides no explanation for why it should be heard *ex parte*. Accordingly, EMI should have served and noticed the motion for hearing in compliance with the court's local rules. E.D. Cal. L.R. 135.

Aside from its procedural deficiency, EMI's motion fails to demonstrate that the sanctions sought are appropriate here. EMI's request seeks the incarceration of Smith for 10 days and an order declaring him a vexatious litigant and imposing to a pre-filing order. EMI bases this request on Smith having initiating trademark cancelation actions before the Trademark Trial and Appeal Board ("TTAB") and sending EMI's counsel, Mr. Cook, harassing emails in connection with a state court proceeding. As noted, the authority relied on for this request is the court's inherent power.[2]

EMI's motion indicates that Smith has initiated 7 actions before the TTAB against either EMI or Mr. Cook, with each being dismissed with prejudice. ECF No. 186-1 at 6-7; Declaration of David Cook (ECF No. 186-2) ¶ 4. Three of the seven TTAB cases were filed against Mr. Cook, and each was initiated after Mr. Cook substituted in as counsel for EMI in this action. *Id*. at 7-8. EMI and Mr. Cook contend that the "court can reasonably infer that the TTAB filings are retaliatory in light of the fact that the first two TTAB filings were filed after Cook's appearance, and the third TTAB filed 15 months after Cook's appearance." *Id* at 8.

/////

---

[2] EMI's is not seeking sanctions for violation of this court's order, or conduct committed before this court. Thus, the imposition of sanctions cannot be predicated on Rules 11 or 37. *See* Fed. R. Civ. P. 37(b) (allowing the imposition of sanctions based on a failure to comply with a court order); Fed. R. Civ. P. 11(b) and (c) (allowing the imposition of sanctions for making meritless or baseless representations to the court). Further, as the motion is based on the conduct of Mr. Smith, a non-attorney, sanctions under 28 U.S.C. § 1927 are also not appropriate. *See* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States . . . who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excessive costs . . . incurred because of such conduct.").

4

EMI and Mr. Cook also contend that a pre-filing order and Smith's imprisonment are warranted based on inappropriate statements Mr. Smith made in an email dated April 3, 2015. In the email, Smith stated to Mr. Cook:

> Based on my direct dealings with you over the years, I firmly believe that you are a dangerously unhappy, angry and psychopathic lawyer.
>
> So I believe that you could personally and professionally benefit from the information below.
>
> Hopefully you agree. And if you haven't already, hopefully this information will motivate you to soon seek help.

Ex. D. Smith attached to the email an article entitled "Options for Unhappy Lawyers." *Id*. The email was apparently sent in the context of a discovery dispute in a separate state court action filed by EMI against Smith. *See* ECF No. 186-1 at 10-11.

While Smith's letter is certainly unprofessional and calculated to vex or annoy, the severe sanction sought by EMI here is not appropriate under the circumstances of this case. First, all of the conduct cited by EMI relates to Smith's actions in other forums in other cases. Although this court has authority to impose sanctions "for conduct before other tribunals," *Western Systems, Inc. v. Ulloa*, 958 F.2d 864, 873 (9th Cir. 1992), EMI has not shown that it should be done here. There is no showing that any of Smith's inappropriate conduct has had any impact on or interfered with the proceedings in this action. Further, the other forums in which Smith allegedly engaged in abusive and harassing conduct are better positioned to evaluate the gravity of Smith's actions and their impact on those other proceeding, as well as what sanctions, if any, are appropriate.

EMI has also failed to establish that the TTAB actions were filed in bad faith, or whether this court is the appropriate forum to make such a determination. Although the timing of the actions initiated before the TTAB suggests that the cases were initiated to harass Mr. Cook for representing EMI, EMI has not submitted any decision from the TTAB finding that the Smith's trademark cancelation actions were frivolous or filed in bad faith. Accordingly, this court is unable to conclude on the record before it that Smith acted in bad faith in filing those actions.

/////

Accordingly, the court declines to exercise its inherent power and order plaintiff to show cause why he should not be imprisoned for his conduct before the TTAB and California state court. *See Chambers v. Basco*, 501 U.S. 32, 44 (1991) (cautioning that "[b]ecause of their very potency, inherent power must be exercised with restraint and discretion.").

The pre-filing order sought is also inappropriate. EMI and Mr. Cook do not express any concerns about plaintiff's filing in this court. Instead, they seek "a prefiling order which bars Smith from the filing of any further action or proceeding against Cook in any forum" based on Smith's conduct before the TTAB. ECF No. 186-1. EMI and Mr. Cook, however, provide no legal authority to support their request for the imposition of a pre-filing order that is not only applicable to all legal forums throughout the country, but is also premised on conduct that occurred in a different forum. In any event, such a broad and sweeping order is not permitted under Ninth Circuit authority, which requires pre-filing orders be narrowly tailored. *See Ringgold-Lockhart*, 761 F.3d at 1066 (a pre-filing order must be narrowly tailored to prevent "the plaintiff from filing only the type of claims [he] had been filing vexatiously.").

Accordingly, EMI's *ex parte* application for an order to show cause why sanctions should not be imposed is denied. That is not to say that Smith may disobey or frustrate enforcement orders entered by this court. But EMI has not demonstrated a factual basis by which this court can conclude that remedies for civil contempt are currently necessary.

II. <u>Motion for Reconsideration</u>

EMI also moves for reconsideration of the court's order granting in part and denying in part its motion to compel Smith to produce documents concerning his assets. ECF No. 189. Specifically, EMI seeks reconsideration of the court's denial of its request to compel Smith to produce his state and federal tax returns.

Orders that adjudicate the rights and liabilities of fewer than all the parties may be revised at any time before the entry of a judgment. Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. Or. v. ACand S, Inc.*, 5 F.3d 1255, 1263

1  (9th Cir. 1993). Further, Local Rule 230(j) requires that a motion for reconsideration state "what
2  new or different facts or circumstances are claimed to exist which did not exist or were not shown
3  upon such prior motion, or what other grounds exist for the motion," and "why the facts or
4  circumstances were not shown at the time of the prior motion." E.D. Cal. Local Rule 230(j)(3)-
5  (4).

On November 26, 2013, Smith was ordered to produce various financial records, including bank and credit card statements and documents reflecting Smith's income, in response to EMI's request for production of documents. ECF No. 162. That order also denied EMI's request to compel Smith to produce his federal and state income tax returns, finding that EMI had failed to demonstrate a compelling need for the tax returns. *Id*. at 4-5. The court specifically found that the information contained in Smith's tax returns may be readily available in other documents requested by EMI.

EMI contends that reconsideration of the order denying its request to compel Smith to produce his tax returns is appropriate because Smith failed to produce the other financial documents as required by the court's order. ECF No 189-1 at 3. Accordingly, EMI contends that Smith's non-compliance with the court's order has prevented EMI from obtaining information concerning Smith's assets from other sources, creating a compelling need for Smith's tax returns. *Id*. But that assertion is an incomplete statement of the record.

Although Smith initially disregarded the order requiring him to produce financial documents, he has since complied with that order. After EMI filed its motion for reconsideration, Smith was found in contempt of court for his failure to comply with the discovery order. ECF No. 221. The court ordered Smith's incarceration, but stayed the order to allow Smith an opportunity to comply with the discovery order. *Id*. Smith eventually complied and purged himself of contempt. ECF No. 234.

EMI has now obtained Smith's financial documents and there no longer appears to be a compelling need for his tax returns. Accordingly, EMI's motion for reconsideration is denied.

/////
/////

7

III. <u>Motion to Quash</u>

Also before the court is Smith's motion to quash a subpoena EMI served on non-party Godaddy.com, LLC. ECF No. 237. Smith has failed to show any justification for quashing the subpoena.

In proceedings in aid of a judgment or execution, a judgment creditor may obtain discovery from any judgment debtor in accordance with state law unless federal law provides otherwise. Fed. R. Civ. P. 69(b). The judgment creditor "may obtain discovery from any person, including the judgment debtor, in the manner provided by these rules or in the manner provided by the practice of the state in which the district court is held." Fed. R. Civ. P. 69(a). Accordingly, judgment creditors may issue subpoenas for records from non-parties. *See* Cal. Civ. Proc. Code §§ 1985, *et seq*.; Fed. R. Civ. P. 26, 45.

As set forth in Federal Rule of Civil Procedure ("Rule") 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . . Information within the scope of discovery need not be admissible in evidence to be discoverable." Relevancy has been construed broadly to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond [certain] geographical limits . . .; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Further, Federal Rule of Civil Procedure 45(d)(3)(B) provides that "[t]o protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; (ii) disclosing an unretained expert's opinion or information . . . ."

/////

The subpoena served on GoDaddy.com seeks "all reports, lists, narratives, accountings, account statements, account reconciliations, or other statements of account(s) by and between GoDaddy.com LLC and Scott Smith aba BizStarz.com." ECF No. 237-1 at 2. Smith advances several arguments in support of his position that the subpoena should be quashed. ECF No. 237. Smith, however, lacks standing to assert the vast majority of his objections. The general rule is that a party to a lawsuit has no standing to object to a subpoena served on a non-party absent a privilege or privacy interest in the requested documents. *Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014). Smith contends that the subpoena was defectively served; it is vague, ambiguous, overly broad, and unduly burdensome; served for the purpose of harassing GoDaddy; and seeks documents not relevant to this action. None of these objections concern a privilege or privacy interest in the requested documents, and therefore plaintiff has no standing to assert these objections. *See Finley v. Pulcrano*, 2008 WL 4500862, at * 1 (N.D. Cal. Oct.6, 2008) ("A party does not have standing to quash a subpoena on the basis that the non-party recipient of the subpoena would be subjected to an undue burden when the non-party has failed to object."); *Kremen v. Cohen*, No. C11–05411 LKH (HRL), 2012 WL 2277857, at *3 (N.D. Cal. June 18, 2012) (finding that defendant did not have standing to withdraw subpoena based solely on ground that the subpoenas violated the rights of third-parties).

Smith also contend that the subpoena "seeks information that contains, or may contain, trade secrets or other confidential business, financial, proprietary or commercial information entitled to protection under applicable common law, statute or rules, or any information subject to a confidential agreement or protective order." ECF No. 237 at 3. This boilerplate statement is insufficient to carry Smith's burden of demonstrating a privacy interest in the requested documents. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").

Accordingly, Smith's motion to quash is denied.

/////

/////

9

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. EMI's *ex parte* application for an order to show cause why sanctions should not be imposed (ECF No. 186) is denied.

2. EMI's motion for reconsideration (ECF No. 189) is denied.

3. Smith's motion to quash (ECF No. 237) is denied.

DATED: July 6, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE